## HART *v.* RYER *et al.*

*(Common Pleas of New York City and County, General Term.* January 4, 1892.)

1. MASTER AND SERVANT—ACTION FOR COMPENSATION—CONCLUSIONS OF LAW.

In an action on a contract of employment as salesman, the issue being as to whether defendants had the right to send the salesman to Chicago to represent defendants' interests there, it appeared by the written contract that plaintiff was employed by defendants "as a general assistant and salesman in their business of importing and selling upholstery goods," etc., without specifying any locality of employment. The salesman resided in New York with his family. Defendants' place of business was located there, and the salesman spent the first six months of his employment there, his duty being to canvass the city trade. *Held*, that the referee erred in deciding, as a conclusion of law, that defendants had a right under the contract to send the salesman to Chicago.

2. SAME.

The evidence further showed that the salesman went to Chicago to conduct defendants' business there; that an outlay of $100 a month over the sum allowed to the salesman for that purpose was necessary to conduct the business successfully; and that because of defendants' failure to supply such sum the salesman abandoned the business in Chicago. *Held*, that the referee further erred in finding as matter of law that the salesman had *no right* to regard the contract as so broken by defendants as to justify him in abandoning it and suing for services rendered.

Appeal from judgment entered on report of referee.

Action by Hannah F. Hart, assignee of Henry I. Hart, against James B. Ryer and another, to recover compensation for services rendered to defendants by plaintiff's assignor as salesman. From a judgment of a referee dismissing the complaint plaintiff appeals. Reversed.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*Morrison & Kennedy,* (*Charles P. Daly,* of counsel,) for appellant. *F. A. Burnham,* for respondents.

PRYOR, J. Since the record does not disclose that either appellant or respondents requested the referee to make findings, the judgment is to be reviewed as on a nonsuit for insufficiency of plaintiff's proof, and not as upon a determination of the merits of the action on all the evidence. *Columbia Bank* v. *Gospel Tabernacle Church,* 127 N. Y. 361, 28 N. E. Rep. 29; *Place* v. *Hayward,* 117 N. Y. 487, 23 N. E. Rep. 25. Hence the specific point for adjudication is whether the evidence, although insufficient to constrain the referee to find for the plaintiff, was yet such as required the submission of the issues to a jury and adequate to sustain a verdict for the plaintiff. An affirmative answer to this question involves, of necessity, a reversal of the judgment. *Scofield* v. *Hernandez,* 47 N. Y. 313; *Place* v. *Hayward,* 117 N. Y. 492, 23 N. E. Rep. 25. It is error to withhold a case from the jury "if, in any view of the evidence, a verdict might have been rendered for the plaintiff, or if there be questions of fact which might have been determined for the plaintiff, and which, if determined in her favor, would have entitled her to recover." *Clemence* v. *Auburn City,* 66 N. Y. 334, 338. So, on this appeal, we must assume every fact which the evidence tended to prove in plaintiff's favor, and every fact, in support of her cause of action, which may be deduced from the testimony by legitimate inference. *Harris* v. *Perry,* 89 N. Y. 308, 311. "It is not error to refuse a nonsuit where, although the evidence is uncontradictory, conflicting inferences may be drawn therefrom, or where conflicting constructions or meanings may fairly be given to the language employed. The facts, not the evidence simply, must be undisputed to make the question one of law." *Smith* v. *Coe,* 55 N. Y. 678.

From a review of the evidence the conclusion is irresistible that the learned referee was not at liberty to nonsuit the plaintiff. On the trial defendants' contention was that, plaintiff's right of recovery being dependent, by the terms of the contract, on its complete performance, her assignor had forfeited all claim to compensation by a premature and wrongful abandonment of their

service; to which her answer was that by a breach of the contract on their part he was justified in quitting their service. The determination of this issue turned necessarily and fundamentally on the true meaning and construction of the contract in this particular, namely, whether the employment of plaintiff's assignor was for service only in the city of New York, or whether the defendants had the right to establish and retain him in Chicago. Upon this point the terms of the contract are that "the parties of the first part agree to engage and employ the said party of the second part [plaintiff's assignor] as a general assistant and salesman in their business of importing and selling upholstery goods," etc. Quite obviously, as to the locality of plaintiff's service the contract is silent; and to ascertain the intent of the parties in this particular recourse is necessary to the circumstances attending the transaction. Now, it was in evidence that plaintiff's assignor resided in New York with his family; that defendants' place of business was in New York; that during the first six months of his service plaintiff's assignor was employed in New York; that his duties were "to canvass the city trade." Upon these facts, in connection with the contract, the intention of the parties would have been a question for the jury; and a finding by them that the defendants had no right to send plaintiff's assignor to reside and to labor out of the city would have had abundant evidence for its support. Hence it was error for the referee to solve the question as a conclusion of law arising upon undisputed evidence.

But the referee held the plaintiff "estopped from insisting that her assignor's field of labor was only in the city of New York;" and the ground of the imputed estoppel is that "he went to Chicago voluntarily, and at his own request." The assignor's testimony, however, is quite to the contrary; for he says: "Mr. Ryer came to me and told me that Mr. Tynan had been pleased with the previous trip, and that I could be of more service to them if I would go to Chicago, and he ordered me to go to Chicago." The alleged estoppel, then, being an inference from equivocal and conflicting evidence, the referee could not predicate it as a legal proposition applicable to an uncontroverted state of fact.

It is indisputable, nevertheless, that plaintiff's assignor did go to Chicago, and there conduct defendants' business for a period of time; and it was because defendants required him to continue in Chicago that he elected to treat the contract as at an end, and, before its stipulated termination, by his assignee, bring this action for services rendered. The general question is, had plaintiff's assignor the right so to treat the contract? If he had, the action was well brought. If he had not, plaintiff was not entitled to a recovery. On this appeal the particular question is, did it conclusively appear as matter of law, on undisputed evidence, that plaintiff's assignor had no right to regard the contract as so broken by defendants as to authorize him to declare it at an end, and to sue for services rendered? By his uncontradicted testimony it appears that to conduct defendants' business in Chicago with effect and profit required an outlay of $100 a month over the $50 a week allowed him under the contract; that defendants failed to supply him funds for this necessary expenditure; and that because of that failure he abandoned the business in Chicago. By no term of the contract and by no item of evidence in the case is it apparent that the obligation to defray the expenses of the business was imposed upon plaintiff's assignor; but the clear inference is rather that those expenses were to be provided for by the defendants. It results, therefore, that the refusal of defendants to supply plaintiff's assignor with the means of conducting the business in Chicago justified him in abandoning it, and that their further refusal to employ him elsewhere was equivalent, in legal effect, to a renunciation of the contract on their part, and so authorized him to sue for services rendered without plea or proof of entire performance.

We intend to intimate no opinion on the merits of the case. We impeach the validity of the judgment only as and because it professes to proceed upon inferences of law assumed as arising from a state of facts conclusively established by uncontradictory evidence. Had the learned referee not decided the case as involving only questions of law, but as presenting issues of fact for his determination, we might not have deemed it our duty to challenge his conclusions. In view of the ground upon which we dispose of the case the absence of a certificate that the record contains all the evidence is immaterial. Judgment reversed, and new trial, costs to abide the event. All concur.