## KAHN *v.* LESSER *et al.*

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

VALIDITY OF FOREIGN JUDGMENT—UNAUTHORIZED APPEARANCE—EVIDENCE.

In an action on a foreign judgment, defendant alleged that the judgment was recovered against him and others on an unauthorized appearance by counsel. There was no evidence as to the invalidity of the appearance except that of defendant and of his co-defendants in the original action, who had been his partners. *Held,* that the fact that the co-defendants did not authorize the appearance was no corroboration of defendant's allegation, since, the partnership being dissolved, they had no power to retain counsel for him, and that, defendant's contention being left thus unsupported, except by his own testimony, a question was raised for the jury, whose verdict determining the weight of the evidence should not be disturbed.

Appeal from city court, general term.

Action by Pauline Kahn against Joseph S. Lesser on a judgment of the superior court of the county of Milwaukee, state of Wisconsin, rendered against Joseph S. Lesser, Isaac Lewis, and Alexander Cable, as copartners. The record of the case in the Wisconsin court recites the appearance of the defendants by attorneys. Lesser alone resists this action; and he alleges that he was not served in the Wisconsin suit, and that the appearance of the attorneys therein for the defendants was officious and unauthorized. In addition to the recital in the record from Wisconsin, the evidence shows that, in fact, the defendants did purport to appear by attorney in the action. On the other hand, the defendant herein testified, without contradiction, that he did not retain the attorneys, and never authorized them to appear in his behalf. In the Wisconsin action, an attachment was levied on the property of the defendants. Pending the action, defendant was a resident of the state of New York.

On the conclusion of the evidence, the defendant moved for a nonsuit, and a direction in his favor, on the ground that the court in Wisconsin did not acquire jurisdiction of his person, and that so the judgment of that court was ineffectual to bind him; and to a denial of the motion he duly excepted. With an entirely unexceptionable charge, the court below submitted to the jury whether the Wisconsin court acquired jurisdiction of the defendant, and upon that issue they found for the plaintiff. From a judgment for plaintiff, defendant appeals. Affirmed. For prior report, see 16 N. Y. Supp. 154.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*H. Joseph*, (*Arthur Thurber*, of counsel,) for appellant. *Paul Jones*, for respondent.

PRYOR, J. The single question for determination is whether the evidence was sufficient to take the case to the jury on the issue as to the jurisdiction of the Wisconsin court over the person of the defendant. A judgment in Wisconsin, proceeding by attachment alone, would be wholly ineffectual to sustain the action. *Cooper* v. *Reynolds*, 10 Wall. 308, 318; *Cochran* v. *Fitch*, 1 Sandf. Ch. 142. Nor is the other position of the respondent one whit more tenable, namely, that the appellant was precluded to impeach the Wisconsin judgment because by the federal statute it has the same effect in this state as is imparted to it by the law of the forum. The argument is vicious, as begging the question by assuming the validity of the judgment in Wisconsin; whereas, for defect of jurisdiction, the judgment would be a nullity in Wisconsin, and so of no efficacy there, or elsewhere. *Christmas* v. *Russell*, 5 Wall. 305; *Starbuck* v. *Murray*, 5 Wend. 148; *Kerr* v. *Kerr*, 41 N. Y. 272, 275; *Hoffman* v. *Hoffman*, 46 N. Y. 30; *Ferguson* v. *Crawford*, 70 N. Y. 253, 262, 263. Neither can the judgment under review be upheld by the doctrine of *Denton* v. *Noyes*, 6 Johns. 296; *Hamilton* v. *Wright*, 37 N. Y. 502; and *Brown* v. *Nichols*, 42 N. Y. 26,—namely, that a judgment obtained upon the unauthorized appearance of an attorney is conclusive on the party in a collateral proceeding; for the principle of those cases has been limited in operation by the court of appeals to domestic judgments. *Vilas* v. *Railroad Co.*, 123 N. Y. 441, 456, 457, 25 N. E. Rep. 941. And so the question recurs: The defendant not having been served with process in the Wisconsin action, being non-resident in that state, was the evidence of an unauthorized appearance for him by the attorneys whose appearance the record recites, and who did in fact appear, so conclusive as to justify the court in withdrawing the issue from the jury? Undoubtedly, the presumption of jurisdiction prevails in favor of superior courts; but the presumption may be repelled by extrinsic evidence, and even the recital of an appearance in the record is not conclusive on the party. *Ferguson* v. *Crawford*, 70 N. Y. 253, 257. Then the case stands thus: In support of jurisdiction in the Wisconsin court we

have the legal presumption and the record recital, while in impeachment of the jurisdiction we have the uncontradicted testimony of the appellant that he never authorized an appearance on his behalf. The presumption and the recital constitute plenary proof of jurisdiction unless and until their force be overcome by contrary evidence. The fact that appellant's co-defendants in Wisconsin did not authorize the appearance is no corroboration of the allegation that he did not authorize it; for, the partnership being dissolved, they had no power to retain an attorney for him. It results, therefore, that, since the evidence of no appearance by appellant consists exclusively of his own testimony, an issue was raised for the jury; and, as we have no jurisdiction to estimate the weight of proof in the court below, our only alternative is to affirm the judgment. *Kavanagh* v. *Wilson,* 70 N. Y. 177; *Gildersleeve* v. *Landon,* 73 N. Y. 609; *Wohlfahrt* v. *Beckert,* 92 N. Y. 490. Notwithstanding the head-note in *Kelly* v. *Burroughs,* 102 N. Y. 93, (6 N. E. Rep. 109,) the doctrine of these cases is not impugned; for in *Kelly* v. *Burroughs,* 102 N. Y. 95, (6 N. E. Rep. 110,) it appeared that there "was no conflict of evidence, or anything or any circumstance from which an inference against the fact testified to by the party could be drawn." Judgment affirmed, with costs. All concur.