SCHURR *v.* NEW YORK & BROOKLYN SUBURBAN INVESTMENT CO.

*(Common Pleas of New York City and County, General Term.* April 4, 1892.)

1. CORPORATIONS—CONTRACTS—ESTOPPEL.

A contract by a corporation organized for the purpose of "purchasing, taking, holding, possessing, selling, improving, and leasing real estate and buildings, manufacture, lease, sale, use of building stone, lumber, and other building materials," by which it agreed to pay for services in organizing stock companies to locate and engage in business upon its land, is *ultra vires* and void; but if the contract has been performed, and the corporation has received the benefit, it is estopped from availing itself of such defense.

2. SAME—RATIFICATION.

A void contract for services, made with a corporation, will be rendered valid by the subsequent action of its trustees, acting as a board, in promising to pay the agreed compensation.

16 N. Y. Supp. 210, affirmed.

Appeal from city court, general term.

Action by Samuel Schurr against the New York & Brooklyn Suburban Investment Company, for services rendered under a contract with representatives of the defendant. After performance of the contract, the trustees of defendant, acting as a board, promised to pay him the agreed compensation. Judgment for plaintiff. Defendant appeals. Affirmed. For former report, see 16 N. Y. Supp. 210.

Argued before DALY, C. J., and BISCHOFF, and PRYOR, JJ.

*Francis H. Van Vechten,* for appellant. *Abraham H. Sarasohn,* for respondent.

PRYOR, J. The judgment is assailed upon two grounds: *First,* because the contract in suit was *ultra vires,* and so void; and, *secondly,* because, if within the power of the defendant corporation, the contract was not made by its authority. The defendant corporation was organized under the act of 1848 as amended and supplemented by subsequent statutes, and for the "purpose," as avowed in its charter, "of carrying on the business hereinafter mentioned," namely, "purchasing, taking, holding, possessing, selling, improving, and leasing real estate and buildings, manufacture, purchase, lease, sale, use of building stone, lumber, and other building materials." The contract alleged as the foundation of the action is an agreement by defendant to pay plaintiff a certain sum for work, labor, and services "in organizing two stock companies, or corporations, to carry on their operations in the place known as Bellport, Suffolk county, N. Y., said place being owned by defendants."

Upon the point of the competency of the defendant to make the contract, the argument of respondent is "that, the object of the corporation being to improve, sell, and lease real estate, a contract with plaintiff to organize stock companies on its land so as to increase its value is certainly not *ultra vires.*" Notwithstanding the confidence with which the conclusion is announced, we are of opinion that it is a *non sequitur.* "In addition to the powers enumerated in the first section of this title, and to those expressly given in its charter, or in the act under which it is or shall be incorporated, no corporation shall possess or exercise any corporate powers, except such as shall be necessary to the exercise of the powers so enumerated and given." 2 Rev. St. N. Y. (7th Ed.) p. 1530. And that this statutory definition of corporate power is but an enactment of the common-law principle is settled by repeated adjudication. *Head* v. *Insurance Co.,* 2 Cranch, 127; *Thomas* v. *Railroad Co.,*

101 U. S. 71, 82; *Curtis* v. *Leavitt*, 15 N. Y. 9, 54; *Halstead* v. *Mayor*, 3 N. Y. 430, 433.  Such being the limitation upon corporate power, in order to the validity of a corporate contract it must be either within the express terms of the constitutive instrument, or else implied, as "necessary to advance the objects of the corporate creation," (*Legrand* v. *Association*, 80 N. Y. 638;) or, less stringently, "as incidental to the objects for which the corporation is created," (*Green Bay, etc., R. Co.* v. *Union Steam-Boat Co.*, 107 U. S. 98, 2 Sup. Ct. Rep. 221.)  That authority to engage in the business of organizing other corporations is neither necessary nor incidental to the charter objects of the defendant company is a proposition too plain for plausible dispute.  No doubt the erection of factories on defendant's land would tend to enhance its value; but, obviously, not any and everything that so tends is necessary or incidental to the charter objects of the corporation.  The contract in controversy was entirely beyond the scope of defendant's business and powers.  *Moss* v. *Averell*, 10 N. Y. 449, 460, *arguendo*; *Packet Co.* v. *Shaw*, 37 Wis. 655; *Weckler* v. *Bank*, 42 Md. 581; *Barry* v. *Merchants' Exp. Co.*, 1 Sandf. Ch. 280, 289; *Davis* v. *Railroad Co.*, 131 Mass. 259; *Diligent Fire Co.* v. *Com.*, 75 Pa. St. 291; *Le Couteulx* v. *Buffalo*, 33 N. Y. 333; *Plank Road Co.* v. *Douglass*, 9 N. Y. 444; *Fertilizing Co.* v. *Hyde Park*, 97 U. S. 659; *Thomas* v. *Railroad Co.*, 101 U. S. 71.

But respondent submits that, though the contract in suit be void as *ultra vires*, still it is not open to defendant, who has received the benefit of it, to resist its enforcement by the plaintiff, who has expended his labor on the faith of its validity.  Since the plaintiff is conclusively presumed to know the limits of defendant's powers, (*Alexander* v. *Cauldwell*, 83 N. Y. 430,) it might be difficult to understand how, consistently with familiar principles, he can be admitted to say that he acted upon the faith of the validity of the contract; *i. e.*, in the belief that it was not in excess of the corporate powers. The defense of *ultra vires* is proposed to be excluded by operation of an estoppel; but the authority of a corporation to contract depends on the construction of its charter, and that is matter of law.  But a mistake of law merely, cannot be the foundation of an estoppel, because, since all are conclusively held to know the law, the party alleging the estoppel cannot pretend to have incurred detriment by reliance on a misunderstanding or misrepresentation of the law.  *Ignorantia juris quod quisque scire tenetur, nemimen excusat*, is an operative principle throughout the whole province of jurisprudence. Broom, Leg. Max. 233.  Furthermore, if the fact that a contract beyond the power of a corporation has been performed suffices to preclude the defense of *ultra vires*, then, manifestly, all legal restraint on the powers of corporations is virtually of no effect.  Upon principle, therefore, it might be supposed that the defense of *ultra vires* is as available against an executed as against an executory contract; but, in this state at least, the law is conclusively to the contrary.  *Arms Co.* v. *Barlow*, 63 N. Y. 62; *Ellis* v. *Howe Co.*, 9 Daly, 78.

The inquiry then is, was the contract in suit made by the defendant corporation?  To sustain the negative of the question the appellant relies on the authority of *People's Bank* v. *St. Anthony's Roman Catholic Church*, 109 N. Y. 512, 17 N. E. Rep. 408; but the evidence lacking in that case, and upon the defect of which the decision turned, was supplied in the case before us.  If the original engagement of the plaintiff was void for want of a contract by the trustees acting as a board, Exhibit 3 shows that, as a board, they ratified the employment, and, as a board, promised to pay him the money which he has earned, and for which he recovered the judgment.  By section 3 of the act of 1848 power to "manage the concern" of the defendant corporation is vested in the trustees; and by formal and unanimous action as a board they adopted and confirmed the contract, which, if otherwise ineffectual to bind the defendant, thus became obligatory upon it.

Judgment affirmed, with costs.  All concur.