## FULD et al. v. BURR BREWING Co.

### (Common Pleas of New York City and County, General Term.   April 4, 1892.)

**1. REVIEW ON APPEAL—CONFLICTING EVIDENCE.**

The jurisdiction of the court of common pleas, in appeals from a judgment of the city court of New York, is limited to a consideration of questions of law presented by the record, and does not extend to the determination of the preponderance of conflicting testimony, or review of facts. *Railroad Co.* v. *Ebling*, 2 N. E. Rep. 878, 100 N. Y. 98, followed.

**2. SAME.**

Where plaintiff does not move for a direction in his favor, his exception to a dismissal of the complaint is available on a contention that the evidence required the submission of issues of fact to the jury.

**3. CORPORATIONS—CONTRACTS BY VICE-PRESIDENT.**

The vice-president of a brewing corporation guarantied a lease of premises occupied by its customers, and containing fixtures mortgaged to the corporation. In an action on the guaranty, it appeared that the vice-president attended to the regular business of the corporation, and that such instruments were signed by its officers without express authority from the board of trustees, which had, by resolution, conferred powers upon them to perform acts and incur obligations necessary for the conduct of the company's business. At the time the guaranty was given, the vice-president said: "The board meets just now. I will go upstairs, and get it signed;" and went upstairs, and returned with the paper signed. It further appeared that defendant had previously executed a similar guaranty to plaintiffs, and paid the moneys thereby secured, and had also paid some of the rent secured by the guaranty in question. *Held,* that there was sufficient testimony to submit the question of the validity of the guaranty to the jury.

**4. SAME—CONTRACTS ULTRA VIRES.**

Such a guaranty was not beyond the scope of the powers of the corporation, and, even if it was, the defense of *ultra vires* was not available. *Schurr* v. *Investment Co.*, 18 N. Y. Supp. 454, distinguished.

**5. REVIEW ON APPEAL.**

A point that a guaranty sued upon was *nudum pactum*, which was not presented on motion for dismissal of the complaint, will not be considered on appeal.

Appeal from city court, general term.

Action by Samuel Fuld and another against the Burr Brewing Company, upon a guaranty of a lease. The leased premises were occupied by defendant's customers, and contained fixtures mortgaged to it. Judgment for defendant. Plaintiffs appeal. Reversed. For former report, see 11 N. Y. Supp. 953.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Ferdinand Kurzman,* (*John Frankenheimer,* of counsel,) for appellants. *Bernard W. Traitel,* for respondent.

PRYOR, J.   The appeal being from the judgment only, we have no authority to review the facts, or to determine the preponderance of conflicting evidence; but our jurisdiction is limited to a consideration of questions of law duly presented by the record. *Railroad Co.* v. *Ebling*, 100 N. Y. 98, 2 N. E. Rep. 878.   A question of law, however, is presented by the exception to the dismissal of the complaint; and, as the appellant made no motion for a direction in his favor, the contention is available to him that the evidence required the submission of issues of fact to the jury. *Clemence* v. *City of Auburn*, 66 N. Y. 334; *Trustees* v. *Kirk*, 68 N. Y. 459.   To justify the court in withdrawing a case from the jury, "the evidence must be undisputed, or so certain and convincing that no reasonable mind can come to any but one conclusion. If there is ground for opposite inferences, and a conclusion either way would not shock the sense of a reasonable man, then the case is for the jury, although the judge may entertain a clear and decided conviction that the truth is on this or that side of the controversy." *Bagley* v. *Bowe*, 105 N. Y. 171, 179, 11 N. E. Rep. 386.   In reviewing a decision dismissing a complaint, the court must accord to the appellant the benefit of every fact which the jury were authorized to infer from the evidence. *Harris* v. *Perry*, 89 N. Y. 308, 311; *Hart* v. *Ryer*, (Com. Pl. N. Y.) 16 N. Y. Supp. 855.

An issue strenuously contested on the trial was whether the guaranty in controversy was executed by authority of the defendant corporation. Indeed, insufficient evidence of such authority was a specific ground of the motion to dismiss. In proof that the guaranty, if otherwise valid, was obligatory on the defendant, appellants advance four propositions which, they contend, are supported by the evidence: *First*, that authority to give the guaranty attached to the vice-president *virtute officii; secondly*, that the board of trustees expressly communicated the authority to him; *thirdly*, that, in any event, the defendant, by acquiescing in his exercise of the authority, represented to the plaintiff that he rightfully exercised it; *fourthly*, that, by paying the rent guarantied, defendant ratified the guaranty.

We are of opinion that, as to each of these positions, the evidence adduced by the plaintiff was sufficient. As to the first, a resolution of the board of trustees had conferred on "the officers of this company authority to perform such acts, and incur such obligations, and make such payments as may be proper and necessary for the conduct of its business." The treasurer testified that such papers were signed by the officers without express authority from the board, and that the vice-president attended to the regular business of the company. Upon all the circumstances of the case, our conclusion is that the guaranty was given in the legitimate business of the company, and that so, on the plaintiff's proof, the vice-president, as such, had authority to execute it. *Lee* v. *Pittsburgh, etc., Co.*, 56 How. Pr. 373; *Ellis* v. *Machine Co.*, 9 Daly, 79. As to the second, the evidence is that, when plaintiff called to get the guaranty, the vice-president said: "The board meets just now. I will go upstairs, and have it signed;" that he went upstairs, and returned with the paper signed. True, the trustees denied that he had their authority to give the guaranty; but their relation to the defendant required the submission of the issue to the jury. *Kahn* v. *Lesser*, (Com. Pl. N. Y.) 18 N. Y. Supp. 98; *Manhattan Co.* v. *Phillips*, 109 N. Y. 383, 17 N. E. Rep. 129; *Becker* v. *Koch*, 104 N. Y. 394, 10 N. E. Rep. 701; *Keller* v. *West, etc., Co.*, 39 Hun, 348. As to the third, the fact that the vice-president had previously executed a guaranty to this same plaintiff for the rent of the same premises, and that the company had sent its checks for the money so secured, was enough to justify the plaintiff in relying on his authority to give the guaranty in question. As to the fourth, by sending its check for the very rent secured by this very guaranty the defendant appeared to ratify the guaranty. Our conclusion, therefore, is that the plaintiff's proof was sufficient to authorize the inference that the defendant was bound by the guaranty; and that so the court erred in withdrawing the question from the jury.

We are further of opinion that, upon all the facts in evidence, the guaranty was not beyond the scope of defendant's corporate powers, (*Ellis* v. *Machine Co.*, 9 Daly, 79;) and that, even if *ultra vires*, the defense is not available to defendant, (*Arms Co.* v. *Barlow*, 63 N. Y. 70.) The case is essentially distinguishable from *Schurr* v. *Investment Co.*, 18 N. Y. Supp. 454, (herewith decided.) The point now urged, that the guaranty is a *nudum pactum*, was not presented on the motion for dismissal, and hence is not open to consideration by us. The learned court below suggest that we propound a rule as to corporate liability upon guaranties similar to the present; but whether a given contract be *ultra vires* depends so essentially on the peculiar provisions of charters, and the particular facts of the case, that a formula cannot be framed to fit every conceivable set of circumstances, and, if attempted, would be futile for the solution of questions likely to arise.

Judgment reversed, and new trial, costs to abide event. All concur.