(21 App. Div. 204.)

HOLM v. CLAUS LIPSIUS BREWING CO.

(Supreme Court, Appellate Division, Second Department. October 19, 1897.)

1. CORPORATIONS—GUARANTY—CORPORATE SEAL—NECESSITY.
　　A brewing corporation guarantied in writing the payment of the rent reserved in a lease given by a third person to a customer of the corporation. The inducement was the opening of a saloon for the sale of its beer. Thereafter the term was, in effect, assigned to the corporation, and the saloon was occupied by one acting under some arrangement with the company, which continued to sell him its beer, and for some time paid his rent, and made a further guaranty to pay it in consideration of a delay. Held, that the corporate seal was not essential to the validity of the guaranty.

2. SAME—ULTRA VIRES—RIGHT TO URGE.
　　The corporation would not be permitted to urge the defense of ultra vires.

Appeal from trial term.

Action by Charles F. Holm against the Claus Lipsius Brewing Company on a contract of guaranty. There was a verdict for plaintiff, and from an order denying a new trial defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Joseph F. Daly, for appellant.
Terry Smith, for respondent.

GOODRICH, P. J. Mary Henken, being the owner of a building at the corner of Sixth avenue and Fourteenth street, Brooklyn, on December 13, 1893, leased it to one Stahnke for a term of five years from March 1, 1894, at the annual rent of $900, payable monthly in

advance. The defendant is a corporation organized under the laws of this state for "the manufacture and sale of malt liquors." The certificate of incorporation names, among other trustees, William C. Gluck, who was also treasurer. Under date of March 28, 1894, there was indorsed upon the lease an agreement signed, "The Claus Lipsius Brewing Company. [Wafer.] W. C. Gluck, Treas. [Seal.]" —in which was the following covenant:

"If default shall at any time be made by the said William G. Stahnke in the payment of the rent and performance of the covenants contained in the within lease on his part to be paid and performed, that I will well and truly pay the said rent, or any arrears thereof, that may remain due unto the said party of the first part, and also all damages that may arise in consequence of the non-performance of said covenants, or either of them, without requiring notice of any such default from the said party of the first part."

Stahnke entered the premises as lessee, and continued to occupy them up to a date which is not definitely fixed, but probably some time in the year 1895. On January 2, 1896, Mrs. Henken conveyed the premises to the plaintiff, and assigned to him the lease, "and also the surety agreement annexed and forming a part of said lease, wherein the Claus Lipsius Brewing Co. covenant to pay said rent if default is made by the lessee." Apparently, at this time, Stahnke had ceased to occupy the premises, and had been succeeded by Jacob Muller. On January 20, 1896, the plaintiff wrote to the defendant, calling its attention to the fact that it was the guarantor of the rent of the premises "which Stahnke, the tenant, subleased or transferred (as far as the saloon business is concerned) to a man by the name of Muller," and demanding the rent for January. Similar letters were written on January 24th and January 29th, and on February 14th the defendant inclosed its check for the January rent of $75, asking for a receipt, which was sent on the next day, and contains the following clause: "As per lease made by Mary Henken to Stahnke, and held by Claus Lipsius Brewing Company under assignment from Stahnke." On February 24th the plaintiff wrote the defendant demanding the February rent, and referring to Muller as the subtenant of the defendant. The latter answered on February 25th, the letter containing the following sentences: "We appreciate your endeavor to collect from Mr. Miller first before applying to us. * * * We will consider ourselves under obligations, if Mr. Miller fails to pay his rent by the twentieth, to receive notice from you, and we will promptly mail you our check in return." The two letters of the defendant are written upon letter paper the heading of which contains the name, address, and names of officers of the defendant, and are respectively signed, "The Claus Lipsius Brewing Co. (Bowles)," and "The Claus Lipsius Brewing Co. (Bunker)." It may be assumed that both of the letters were written with the authority of the defendant, as one of them contained the defendant's check for $75 in payment of the January rent, and the other was followed by the payment of the February rent. These letters and the receipt are evidence of the fact that the defendant was the assignee of the Stahnke lease, if not in actual possession by Muller, its subtenant. There is also evidence tending to show that Muller, who was on the premises for about a year, made an arrangement

for entering upon the premises with Gluck, the treasurer of the de-
fendant, which had before that supplied Stahnke with its beer, and
put its signs upon the building, and continued the same method of
dealing with Muller when he went into possession. These letters
and facts constitute a guaranty to pay, provided the plaintiff would
delay payment till the 20th of each month, as well as a ratification
of the original guaranty of the defendant. It is true that the guar-
anty had upon it only a wafer as a seal opposite the name of the
corporation, instead of what is commonly known as a corporate seal;
but a seal is not necessary to the validity of such an agreement,
and it does not appear that any of the stockholders object to any
of the transactions in question (see Holmes, Booth & Haydens v.
Willard, 125 N. Y. 75, 25 N. E. 1083); and it is fairly inferable from
the evidence that the original inducement for the guaranty was the
opening of a saloon in which should be sold the defendant's beer,
the sale of which was one of the purposes stated in the certificate
of organization, that when Stahnke left the premises the lease was
assigned by him to the defendant, and that when Muller went into
possession he did so by some similar arrangement with the brewing
company.

The defendant claims that the guaranty is ultra vires. I see no
force in this objection. The doctrine of ultra vires originated at a
time when nearly all corporations were created for public purposes;
and there is no reason why it should ever have been applied to pri-
vate corporations any more than to the powers of individuals in a
partnership. 5 Thomp. Corp. § 4624.

In Arms Co. v. Barlow, 63 N. Y. 62, 69, the court said:

"The plea of ultra vires should not, as a general rule, prevail, whether inter-
posed for or against a corporation, when it would not advance justice, but, on
the contrary, would accomplish a legal wrong. * * * It is now very well set-
tled that a corporation cannot avail itself of the defense of ultra vires when the
contract has been, in good faith, fully performed by the other party, and the
corporation has had the full benefit of the performance and of the contract."

In Holmes, Booth & Haydens v. Willard, 125 N. Y. 75, 25 N. E.
1083, the court said:

"Directors and officers of corporations are agents of the corporation for
which they act. * * * A corporation dealing in manufactured goods, and
needing them for sale, may, as a proper incident to its business, extend finan-
cial aid to a manufacturer. * * *"

So in the case of Gaslight Co. v. Claffy, 151 N. Y. 24, 36, 37, 45
N. E. 390, 393, where a quasi public corporation was involved, and
where the court stated that the contract was made by the corpora-
tion without legal sanction, it was said:

"Public policy is promoted * * * by the maintenance of the obligations
of contracts, and to permit a lessee of a corporation to escape the payment of
rent by pleading the incapacity of the corporation to make the lease * * *
would be, we think, most inequitable and unjust. * * * The courts of this
state * * * have sought to regulate and restrict the defense of ultra vires
so as to make it consistent with the obligations of justice."

In the very similar case of Fuld v. Brewing Co. (Com. Pl.) 18 N.
Y. Supp. 456, the general term of the common pleas of New York
held a similar guaranty to be not ultra vires, and not beyond the

scope of the corporate powers. In this case, as in the one at bar, checks had been given by the defendant for a part of the rent named in the guaranty.

It would be extremely inequitable, under the circumstances of this case, to permit the defendant to avoid liability on the contract, inasmuch as during the terms of both tenants the premises were used for the sale of its beer, and it became assignee of Stahnke's lease, and, in a certain sense, occupant of the premises through Muller's possession. The defendant's counsel contends that the original guaranty ran only to Mrs. Henken, and not to her assigns, and that the contract, being strictissimi juris, cannot be extended for the benefit of her grantee. The answer to this is clear. The plaintiff obtains his rights not alone under the deed of Mrs. Henken, but also under her assignment of the lease and its annexed guaranty, and under the promise contained in the letter of February 25th, in which the defendant promised to pay the rent if Muller failed to pay it by the 20th of each month; the evidence showing that the plaintiff did wait till that time, and that Muller did not pay. This suit is brought to recover the rent which became due during the term of the lease, and which is covered by the original guaranty, as it does not appear that any assent was given by Mrs. Henken or by the plaintiff to the surrender of Stahnke's term, or the change of possession to Muller.

The plaintiff is entitled to recovery, and the judgment is affirmed. All concur.