POWERS v. SCHLICHT HEAT, LIGHT & POWER CO.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. RULINGS ON EVIDENCE—REVIEW ON APPEAL.

At the trial of an action against a corporation to recover for services rendered, the court refused to admit in evidence the by-laws of the defendant. The record on appeal failed to show the object for which defendant offered them, nor any reason assigned for the objection made to them by the plaintiff, or for the ruling of the court, nor did it contain the by-laws themselves. *Held*, that no basis was presented for a review of the ruling.

2. CORPORATIONS—POWERS OF OFFICERS.

A business corporation cannot, by its by-laws, so limit the power of its executive officers that the corporation shall not be liable for ordinary en-

gagements made by such officers in the transaction of the company's business with those who have no knowledge of such limitation.

3. SAME.

The limitation authorized by statute upon the powers of a corporation or of its directors and stockholders must be in the certificate of incorporation. It is not enough to have it in by-laws which are not in existence when the certificate is executed, but which are to be made thereafter.

Appeal from trial term.

Action by John E. Powers against the Schlicht Heat, Light & Power Company. From a judgment on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James P. Lowrey, for appellant.
A. W. Gleason, for respondent.

INGRAHAM, J. The only question presented upon this appeal arises upon an exception taken by the defendant to the refusal of the court to admit in evidence the by-laws of the defendant corporation. The action was brought to recover for services rendered by the plaintiff to the defendant. The evidence tended to show that the plaintiff was employed by the president of the defendant to render services to the company, and that he rendered such services, and sought to recover the reasonable value thereof. The defendant's counsel offered in evidence the defendant's certificate of incorporation, which was received, and thereupon produced a copy of the by-laws of the defendant, which had been in force since the defendant was organized. The defendant offered the said by-laws in evidence, which was objected to by the plaintiff, and the objection sustained, to which the defendant excepted. The by-laws are not printed in the record, and it is impossible for us to say whether or not they were competent, or would tend to limit the authority of the president of the defendant. It does not appear, therefore, that any competent evidence was rejected by the court, or that for any reason the by-laws of the defendant should have been admitted in evidence. The object for which the by-laws were offered is not stated, nor is any reason assigned in the record for the objection taken by the plaintiff, or for the ruling of the court. We cannot reverse a judgment because of a rejection of evidence which does not appear from the record to have been competent, and for this reason no error appears to have been committed which would require us to reverse the judgment. We do not think, however, that any restriction contained in the by-laws as to the power of the president would prevent a recovery in this action. The plaintiff was employed by the president of the corporation, its principal executive officer, to render services to the company. The nature of the services was to prepare a pamphlet setting forth the patent which the company was organized to work under. It is well settled that a business corporation cannot, by its by-laws, so limit the power of its executive officers that the corporation shall not be liable for ordinary en-

gagements made by such officers in the transaction of the company's business with those who have no knowledge of such limitation.    See Rathbun v. Snow, 123 N. Y. 349, 25 N. E. 379, where the court say:

"By-laws of business corporations are, as to third persons, private regulations, binding as between the corporation and its members or third persons having knowledge of them, but of no force as limitations per se, as to third persons, of an authority which, except for the by-laws, would be continued as within the apparent scope of the agency."

The certificate of incorporation of this defendant does not of itself limit the authority of its officers.    While, under the statute, the certificate of incorporation may contain provisions for the regulation of the business and the conduct of the affairs of the corporation, and any limitation upon its powers or upon the powers of its directors and stockholders, there is no statement in the certificate of incorporation of this defendant that the powers impliedly granted to the executive officers of the corporation in the transaction of its ordinary business were limited.    The statement made in the certificate of incorporation could not be construed to give notice to the world of the provisions of the by-laws, so as to bind all of those dealing with the corporation to any limitation therein contained.    The limitation that the statute authorizes must be in the certificate, not in by-laws not in existence when the certificate is executed, but to be made thereafter.    A business corporation organized for the transaction of ordinary business must have some agent or representative who is authorized to transact such business.    The president of the company, its principal executive officer, is impliedly vested with such authority; and, in the absence of express notice, a person dealing with such corporation is entitled to assume that in the ordinary transaction of its business the president is authorized to act for it, and the corporation is liable for contracts made in the conduct of its business.    Rathbun v. Snow, 123 N. Y. 343, 25 N. E. 379; Cone v. Plaid Mills, 12 App. Div. 314, 42 N. Y. Supp. 160.

The only other exception in the case arose upon a question asked the plaintiff on cross-examination, if any statement was ever made to him by any of the officers of the defendant as to whether or not the pamphlet that he had prepared for the defendant would be used. That question was clearly immaterial.    No error, therefore, appears to justify a reversal of the judgment, and it is affirmed, with costs. All concur.