(26 Misc. Rep. 655.)

## AARONSON v. DAVID MAYER BREWING CO.

(City Court of New York, General Term. March 6, 1899.)

1. GUARANTY—CONSTRUCTION.

A brewing company, at the request of one of its customers, executed a guaranty of the lease of his store in its corporate name, but in the body the guarantor was described as another person. *Held,* that it was the guaranty of the corporation.

2. CORPORATIONS—GUARANTY OF LEASE—VALIDITY.

A brewing company has power to guaranty the performance of the covenants of a lease of a store building to one of its customers.

388   56 NEW YORK SUPPLEMENT   (City Ct.

. ' and 90 New York State Reporter.

**3. SAME—POWERS OF VICE PRESIDENT.**
 A contract which the corporation has authority to make may be executed by its vice president in the absence of the president.

**4. GUARANTY—NOTICE TO GUARANTOR—EVIDENCE.**
 Where a guaranty required notice of the principal's default to be given to the guarantor within a stated time, and such notice was duly mailed, but its receipt was denied, the question of its sufficiency is for the jury, since the mailing of the notice raises a presumption that it was received.

 Appeal from trial term.

 Action by Rachel Aaronson against the David Mayer Brewing Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

 Argued before SCHUCHMAN and CONLAN, JJ.

 B. Lewinson (Max J. Kohler, of counsel), for appellant.
 H. B. Wesselman (David McClure, of counsel), for respondent.

 SCHUCHMAN, J. The plaintiff's complaint alleges that the defendant is a corporation organized under the laws of the state of New York; that on January 23, 1894, the plaintiff entered into a lease with one Samuel Albert, as lessee, by which she demised unto the said lessee the store basement and two floors above the store of premises No. 65 Hester street, New York City, for a term of three years from May 1, 1894, at the yearly rental of $3,260, to be paid in equal monthly payments in advance; that the defendant corporation guarantied in writing the payment of the rents and covenants in said lease contained; that the said lessee defaulted in the payment of the rent for the month of July, 1896; that the 30-days notice stipulated for in said guaranty was given to the defendant corporation, but that it failed to pay the rent; wherefore she asks judgment for the rent for the month of July. The answer of the defendant substantially is a general denial of all the material allegations contained in the complaint. The guaranty of the defendant reads as follows:

 "In consideration of the letting of the premises within mentioned to the within-named Samuel Albert, and the sum of one dollar to me paid by the said party of the first part, I, David Mayer, do hereby covenant and agree to and with the party of the first part, above named, and her legal representatives, that, if default shall at any time be made by the said party of the second part in the payment of the rent and performances of the covenants contained in the within lease on his part to be paid and performed, that I will well and truly pay the said rent, or any arrears thereof, that may remain due unto the said party of the first part, and also all damages that may arise in consequence of the nonperformance of said covenants, or either of them, upon notice of any such default within thirty days thereafter from the said party of the first part, to the extent of the sum of one thousand ($1,000) dollars.

 "Witness —— hand and seal this 24th day of January, in the year one thousand eight hundred and ninety-three.
       "David Mayer Brewing Company,
         "Oscar I. Mayer, V. Pres."

 The evidence adduced at this trial establishes the following facts: That the corporation was organized under the laws of New York state; that the lease bearing date January 23, 1894, was executed and delivered at its date, and that the guaranty of the defendant was delivered at the same time when the lease was delivered, and that, after

the guaranty was signed by the vice president, one copy of the lease, with the guaranty, was delivered to the landlord, and the other to the tenant (so that it clearly appears that the guaranty was executed and delivered on January 23, 1894, the same day the lease was dated and delivered, and that the year 1893, appearing as the date of the guaranty, was a mistake); that the guaranty was executed by the vice president in the absence of the president, and that the vice president was the person who signed the guaranty; that the lessee was a customer of the David Mayer Brewing Company; that the lessee came and informed the vice president that the landlord wanted the David Mayer Brewing Company to execute a guaranty for said lease, and that the vice president did accordingly. It was admitted at the trial by the counsel for the respective parties that notice of the default in the payment of rent due on July 1, 1896, was mailed on the 30th day of July, 1896, subject, however, to objection that it is entirely immaterial, unless proof is given that the notice was actually received within the 30 days provided by the guaranty.

The appellant asks for a reversal of the judgment on the following grounds:

1. That the said guaranty is not the defendant's contract, because the name of David Mayer is mentioned in the body of the instrument, and not the name of David Mayer Brewing Company. This is untenable, because the evidence shows that the defendant brewing company intended to, and actually did, execute the guaranty for the benefit of its customer, the lessee in the lease. It appears in evidence that a prior lease of the premises had been guarantied by David Mayer, and that since that time the brewing business was turned over to the defendant corporation. If the name of David Mayer in the written guaranty is omitted as surplusage, there could not be any question that the defendant would be liable on it as its contract, and we think it should be thus construed. The cases of Whitford v. Laidler, 94 N. Y. 145, and others, cited on appellant's points, are all to be distinguished from the one at bar, because in those cases, in the body of the contracts which were therein under consideration, the signers of the contracts were described either as trustees or officers of a corporation, or as agents, and signing their names in their individual capacity. The court held that they were not individually liable, because they had contracted in the written contract in their official or fiduciary capacity. That is not so in this case.

2. That the guaranty is void, in that the defendant corporation had no power to make it; in other words, being ultra vires. The contrary of this assertion has been held in Holm v. Brewing Co., 21 App. Div. 204, 47 N. Y. Supp. 518, and Koehler & Co. v. Reinheimer, 26 App. Div. 1, 49 N. Y. Supp. 755.

3. That the vice president of the defendant had no authority to execute a guaranty so as to make it a binding obligation on the defendant corporation. We think that the vice president, in the absence of the president, had the authority. Fuld v. Brewing Co. (Com. Pl.) 18 N. Y. Supp. 456. A president of a corporation, being its principal executive officer, is impliedly vested with the authority to transact its ordinary business, and the corporation is liable for the contract so

made by the president.    Powers v. Power Co., 23 App. Div. 380, 48 N. Y. Supp. 237.

4. That the notice of the tenant's default of the payment of rent, such as is required by the guaranty to be given to the defendant corporation, was insufficient.    We hold that the mailing of the notice, properly addressed, and postpaid, raised the presumption that it had been received by the person to whom it had been directed.   McCoy v. Mayor, etc., 46 Hun, 268.    The only objection made by the appellant to the sufficiency of the notice of default was simply that it was not proved that it was actually received within 30 days by the defendant.    The case aforesaid, however, holds that, when proof of mailing was met by the testimony of the defendant that the notice had never reached them, it was for the jury to pass upon the issue of fact thus raised; and such a course was taken in this case.

The verdict is not against the weight of evidence, and, substantial justice having been done by the jury's verdict, we conclude that the judgment and order appealed from must be affirmed, with costs.