RACHEL AARONSON, Respondent, *v.* THE DAVID MEYER BREWING Co., Appellant.

### (ACTION No. 1.)

(City Court of New York, General Term, March, 1899.)

Guaranty by a corporation — Form — Ultra vires — Vice-president may execute — Presumption as to receipt of papers mailed.

Where a brewing corporation, known as the David Meyer Brewing Company, intends to and does guarantee the lease of its customer, the fact that the body of the guaranty reads: " I, David Meyer, do hereby covenant and agree ", etc., will not relieve the company from liability where it appears that David Meyer had guaranteed a former lease and that since that time the business had been turned over to the corporation.

Such a guaranty is not *ultra vires.*

In the absence of the president the guaranty may be executed by the vice-president of the corporation.

The mailing of a notice, properly addressed to the corporation, that the customer has defaulted in the payment of the rent, raises a presumption that the notice has been received by the corporation.

APPEAL from a judgment entered on the verdict of a jury in plaintiff's favor and from an order denying a motion for a new trial on the judge's minutes.

B. Lewinson (Max J. Kohler, of counsel), for appellant.

H. B. Wesselman (David McClure, of counsel), for respondent.

SCHUCHMAN, J.   The plaintiff's complaint alleges that the defendant is a corporation organized under the laws of the state of New York, that on January 23, 1894, the plaintiff entered into a lease with one Samuel Albert, as lessee, by which she demised unto the said lessee, the store, basement and two floors above the store of premises No. 65 Hester street in the city of New York, for a term of three years, from May 1, 1894, at the yearly rental of $3,260, to be paid in equal monthly payments in advance; that the defendant corporation guaranteed in writing the payment of

the rents and covenants in the lease contained; that the said lessee defaulted in the payment of the rent for the month of July, 1896; that the thirty days' notice stipulated in the guarantee was given to the defendant corporation, but it failed to pay the rent, wherefore they ask judgment for the rent for the month of July.

The answer of the defendant substantially is a general denial of all the material allegations contained in the complaint.

The guarantee of the defendant reads as follows:

" In consideration of the letting of the premises within mentioned, to the within named Samuel Albert, and the sum of one dollar to me in hand, paid by the said party of the first part, I, David Meyer, do hereby covenant and agree, to and with the party of the first part above named, and her legal representatives, that if default shall at any time be made by the party of the second part in the payment of the rent and performance of the covenants contained in the within lease, on his part to be paid and performed, that I will well and truly pay the said rent or any arrears thereof, that may remain due unto the said party of the first part, and also all damages that may arise in consequence of the nonperformance of the said covenants, or either of them, upon notice of such default within thirty days thereafter from the said party of the first part, to the extent of the sum of One Thousand Dollars.

Witness     hand and seal this 24th day of January in the year one thousand eight hundred and ninety-three.
Witn.

" DAVID MEYER BREWING CO.,
" OSCAR I. MEYER, V. Pres."

The evidence adduced at the trial establishes the following facts:

That the corporation was organized under the laws of the state of New York, that the lease bearing date January 23, 1894, was executed and delivered at its date, and that the guarantee of the defendant was delivered at the same time when the lease was delivered, and that after the guarantee was signed by the vice-president, one copy of the lease with the guarantee, was delivered to the landlord and the other to the tenant; (so that it clearly appears that the guarantee was executed and delivered on January 23, 1894, the same day the lease was dated and delivered, and

that the year 1893, appearing as the date of the guarantee, was a mistake).

That the guarantee was executed by the vice-president in the absence of the president, and that the vice-president was the person who signed the guarantee; that the lessee was a customer of the David Meyer Brewing Company; that the lessee came and informed the vice-president that the landlord wanted the David Meyer Brewing Company to execute a guarantee for the said lease, and that the vice-president did accordingly.

It was admitted at the trial by the counsel for the respective parties that notice of the default in the payment of rent due on July 1, 1896, was mailed on the 30th day of July, 1896, subject, however, to the objection that it is entirely immaterial, unless proof is given that the notice was actually received within the thirty days provided by the guarantee.

The appellant asks for a reversal of the judgment on the following grounds:

First: That the said guarantee is not the defendant's contract, because the name of " David Meyer " is mentioned in the body of the instrument, and not the name of "David Meyer Brewing Company."

This is untenable, because the evidence shows, that the defendant brewing company intended to and actually did execute the guarantee for the benefit of its customer, the lessee in the lease.

It appears in evidence that a prior lease of the premises had been guaranteed by David Meyer, and that since that time the brewing business was turned over to the defendant corporation. If the name of David Meyer in the written guarantee is omitted as surplusage there could not be any question that the defendant would be liable on it, as its contract, and we think it should be thus construed.

The case of Whitford v. Laidler, 94 N. Y. 145, and others cited on the appellant's points, are all to be distinguished from the one at bar, because in those cases, in the body of the contract, which were therein under consideration, the signers of the contract were described either as trustees or officers of the corporation, or as agents, and signed their names in their individual capacity.

The court held that they were not individually liable, because they had contracted in the written contract in their official or fiduciary capacity. That is not so in this case.

Second: That the guarantee is void in that the defendant corporation has no power to make it. In other words, being *ultra vires.*

The contrary of this assertion has been held in the case of Holm v. Claus Lipsius Brewing Co., 21 App. Div. 204; and Koehler & Co. v. Reinheimer, 26 id. 1.

Third: That the vice-president of the defendant had no authority to execute a guarantee so as to make it a binding obligation on the defendant corporation.

We think that the vice-president, in the absence of the president, had the authority. Fuld v. Burr Brewing Co., 18 N. Y. Supp. 456.

A president of a corporation, being its principal executive officer, is impliedly invested with authority to transact its ordinary business, and the corporation is liable for the contract so made by the president. Powers v. Schlicht Heat & Power Co., 23 App. Div. 380.

Fourth: That the notice of the tenant's default of the payment of the rent, such as is required by the guarantee to be given to the defendant corporation, was insufficient.

We hold that the mailing of the notice, properly addressed and postpaid, raised the presumption that it had been received by the person to whom it was directed. McCoy v. Mayor, 46 Hun, 268.

The only objection made by the appellant to the sufficiency of the notice of default was simply that it was not proved that it was actually received, within the thirty days, by the defendant.

The case aforesaid, however, holds that when proof of mailing was met by the testimony of the defendant that the notice had never reached them, it was for the jury to pass upon the issues of fact thus raised, and such a course was taken in this case.

The verdict is not against the weight of evidence, and substantial justice having been done by the jury's verdict, we conclude that the judgment and order appealed from should be affirmed, with costs.

CONLAN, J., concurs.

Judgment and order affirmed, with costs.