Kevin B. Dwyer, Esq. Town Attorney, North Salem
I am writing in response to your request for an Attorney General's opinion as to the validity of particular signatures on a petition pursuant to section 265 of the Town Law protesting a change in the town zoning regulations.
The Town Law provides that the town board may amend, supplement, change, modify or repeal its zoning regulations by enacting ordinances, passage of which requires a simple majority vote (Town Law, § 265). If a protest against the change is made by at least twenty percent of the landowners affected by the change,* the amendment will not become effective unless approved by a three-fourths majority of the town board (ibid.).
The materials submitted with your letter indicate that a developer had petitioned the town for a change in its zoning regulations to allow a particular type of development which was not permitted. Prior to the vote on the rezoning, a protest
Your initial question arises out of a parcel of land, included among those affected by the rezoning, which is owned jointly by a married couple. The wife signed the protest petition in her own name and also signed her husband's name. You have asked whether the wife's signature on behalf of her husband is good and valid for purposes of the protest petition.
Inasmuch as the wife's signature of her own name is sufficient to constitute a vote on behalf of the parcel, the issue of the validity of her signing on behalf of her husband need not be addressed. Joint tenants hold "per my et per tout", or by the half and the whole (Moskowitz vMarrow, 251 N.Y. 380 [1929]). This means that each joint tenant is entitled to full use and enjoyment of the entire property and may act and transact business as if he or she were the sole owner (24 N Y Jur 2d, Cotenancy and Partition, § 21; Matter of Lorch, 33 N.Y.S.2d 157 [Queens Co, Surrogate Ct, 1941]). With regard to alienation or forfeiture of the property, however, the joint tenant has only the appropriate fractional interest (ibid.). Because a joint tenant has a full, undivided interest in the property, a vote for a challenge under section 265 would count for the entire parcel of land and not some fraction based on the number of joint tenants (see Matter of Reister v Town Board, 18 N.Y.2d 92,95 [1966] [effect of joint tenant's vote in special district election]; 1987 Op Atty Gen [Inf] 170 [effect of joint tenant's vote in rezoning protest petition pursuant to Village Law, § 7-708]).
You have also asked whether the signature of the president of a corporation is sufficient for purposes of the petition when there is no recitation within the petition as to the president's authority to bind the corporation. The powers and duties of corporate officers are determined by the corporation's by-laws (Business Corporation Law, §715[g]). In order definitively to establish whether the president has authority to bind the corporation under section 265, it would be necessary to review those by-laws. We conclude, however, that it is not necessary for the town board definitively to establish the source of authority for corporation presidents who sign protest petitions under section 265. It is well established that a party entering a transaction with a corporate officer has a right to rely on the apparent authority of that officer to act on behalf of the corporation (Goldenberg v BartellBroadcasting Corp., 47 Misc.2d 105, 112 [Sup Ct, N Y Co, 1965]). Corporate officers, by necessity, are given broad powers to transact business on behalf of the corporation (McDuffie v Financier Co.,135 App. Div. 307, 310 [1st Dept, 1909]; Powers v Schlicht Heat Co.,23 App. Div. 380, 382 [1st Dept, 1987], affd 165 N.Y. 59 [1901]). With these broad powers in mind and in the absence of any indication that the president lacked such authority, it was not unreasonable for the town board to accept the president's signature on behalf of the corporation.
Section 265 provides that property which is "immediately adjacent" to the area being rezoned is to be used in determining those eligible to sign the protest petition. Your letter indicates that one of the parcels contiguous to the rezoned area has a driveway easement running over that part of it which abuts the rezoned area. The question is whether the driveway easement prevents this parcel from being considered "immediately adjacent" for purposes of section 265.
The presence of a driveway easement over a parcel of property does not alter the ownership of the underlying parcel. We believe that the owner of this underlying parcel is the adjacent owner for purposes of section 265. Section 265 refers only to "owners". It contains no more specific statement as which property interests, such as fee owner, easement owner or remainder interest owner are eligible for participation in the challenge process. The procedure for establishing special districts under article 12 of the Town Law provides a similar standard for voter eligibility and allows for a helpful analogy. Section 191 of the Town Law refers only to "owners of taxable real property" and "resident owners owning taxable real property".* As in the language of section 265, the statute does not mention any lesser ownership interests such as easements or leaseholds. In a 1981 opinion interpreting this section, we found that section 191 authorizes the fee owners of property to vote in the election, to the exclusion of leaseholders (1981 Op Atty Gen [Inf] 89, 91). Following this precedent, and in the absence of any special or limiting language, we believe that use of the word "owner" in section 265 is in its normally understood sense, and would apply to the owner in fee of the property. (See also, 1987 Op Atty Gen [Inf] 170 [fee owner considered owner for purposes of rezoning protest petition procedure under section 7-708 of the Village Law].) It is this person who is eligible to vote for a protest petition under section 265.
Finally, you have asked what type of inquiry into the validity of the petitions is appropriate by the town board. The Town Law provides no guidelines in this regard. The question does not lend itself to a generalized answer because the type of inquiry will depend on the type of information being presented, which, as the issues discussed above indicate, differs from case to case. If an irregularity is called to the attention of the board, it should be addressed and resolved.
We conclude that a single joint tenant's signature is sufficient to constitute a vote on behalf of the jointly owned property for purposes of a protest petition under section 265 of the Town Law; a town board may accept a corporation president's signature on behalf of corporate-owned property for purposes of section 265, when there is no indication that the president's powers are limited; and in determining "owners" of property for purposes of section 265, the town board should consider fee owners, to the exclusion of owners of leasehold or remainder interests.
* Those eligible to protest any amendment are defined in the following way:
 "In case, however, of a protest against such change signed by the owners of twenty per centum or more, either of the area of the land included in such proposed change, or of that immediately adjacent extending one hundred feet therefrom or of that directly opposite thereto, extending one hundred feet, from the street frontage of such opposite land, such amendment shall not become effective except by the favorable vote of at least three-fourths of the members of the town board" (Town Law, § 265). petition, purportedly containing the requisite number of signatures to require a supermajority vote, was submitted to the town board. The petition for rezoning was not passed, inasmuch as it failed to receive a supermajority. The developer has now challenged the validity of certain signatures on the protest petition.
* The relevant language of the section reads as follows:
 "Except as otherwise provided in the case of a water storage and distribution district, water quality treatment district or sewage disposal district, such petition for the establishment or the extension of an improvement district shall be signed by the owners of taxable real property situate in the proposed district or extension thereof, owning in the aggregate at least one-half of the assessed valuation of all the taxable real property of the proposed district or extension thereof, as shown upon the latest completed assessment-roll of said town; provided, however, that if there be any resident owners, the petition shall include the signatures of resident owners owning taxable real property aggregating at least one-half of the assessed valuation of all the taxable real property of the proposed district or extension owned by resident owners, according to the latest completed assessment-roll" (Town Law, § 191).