EMILE L. LEGRAND, Respondent, *v.* THE MANHATTAN MERCANTILE ASSOCIATION, Appellant.

Unless restrained by law, every corporation has the incidental power to make any contract necessary to advance the objects for which it was created.

(Argued February 21, 1880; decided February 24, 1880.)

THIS was an action to recover for services as a clerk from December 1, 1874, to June 22, 1875, at an alleged agreed rate of $3,000 per annum.

The action was commenced two days after the termination of the services. The complaint alleged that defendant "is a corporation, created by and under the laws of the State of New York;" that it made the agreement with plaintiff, and that he rendered the services. The answer denied all the allegations of the complaint, "except that the defendant is a corporation." *Held*, that the admission was not limited to the time of the answer, but was to be construed in reference to the complaint, and that it admitted the incorporation as broadly as alleged in the complaint.

Defendant was incorporated by special charter (chap. 881, Laws of 1872), and was authorized to commence business

when a certain portion of its capital stock was paid in ; it could perform corporate acts before.    Prior to December 1, 1874, directors and the other officers of the corporation had been elected ; it had opened an office, and taken the preliminary steps to the commencement of active business operations.    Plaintiff was hired at that date by defendant's vice-president, who was its manager, to be paid at the rate of $3,000 per annum.    The evidence tended to show that the hiring was known and assented to by the directors and other officers ; the services rendered were in the office, and continued until June 22, 1875.    This work was the proper and necessary work preliminary to active business operations.    *Held*, that the contract was valid ; the court stating the rule as above, and citing *Broughton* v. *M. Waterworks* (3 B. & A., 1) ; *Bank of C.* v. *Patterson* (7 Cranch, 299) ; *Strauss and Brother* v. *E. Ins. Co. of Cincinnati* (5 Ohio St., 59).

Also, *held*, that the contract was not void under the statute of fraud, as the hiring was not for any definite time.

*D. M. Porter* for appellant.

*Richard M. Henry* for respondent.

All concur, except CHURCH, Ch. J., and MILLER, J., absent at argument.

Judgment affirmed.