(17 Misc. Rep. 124.)

### SCHMIDT v. NELKE ART LITHOGRAPHIC CO.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

CORPORATIONS—ACTIONS AGAINST—PROOF OF CORPORATE EXISTENCE.

Where a complaint for goods sold and delivered alleges that defendant was a domestic corporation, and the answer is a general denial, defendant cannot, on the trial, put in evidence a copy of the articles of incorporation, for the purpose of showing that, when the goods were sold, the corporation was not in existence, as Code Civ. Proc. § 1776, provides that, in an action by or against a corporation, plaintiff need not prove the existence of the corporation, unless the answer is verified, and contains an affirmative allegation that plaintiff or defendant, as the case may be, is not a corporation.

Appeal from city court of New York, general term.

Action by John M. Schmidt against the Nelke Art Lithographic Company for goods sold and delivered between March 30 and June 4, 1895. A judgment entered on the dismissal of the complaint was affirmed by the city court (37 N. Y. Supp. 1138), and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. George Flammer for appellant.

Albert E. Henschel, for respondent.

DALY, P. J. The action was for goods sold and delivered to a corporation, and the complaint contained the customary allegation that, at all the times thereinafter mentioned, the defendant was, and still is, a domestic corporation. The answer was a general denial. Upon the trial, the defendant was allowed to put in evidence a certified copy of the articles of incorporation, for the purpose of showing that, at the times when the goods were sold, the corporation was not yet in existence. The plaintiff objected and excepted to the proof as inadmissible under the pleadings, at the same time calling attention to the provisions of section 1776 of the Code of Civil Procedure, which reads:

"In an action brought by or against a corporation the plaintiff need not prove upon the trial the existence of a corporation unless the answer is verified and contains an affirmative allegation that the plaintiff or the defendant, as the case may be, is not a corporation."

Allowing the introduction of the articles of incorporation was error. The existence of the corporation at certain times mentioned was alleged in the complaint, and the Code, as we have seen, expressly excused the plaintiff from proving such fact, because it was not affirmatively denied. The existence of a corporation is

not put in issue except in the manner specified by section 1776,. and, by not affirmatively alleging the contrary, the defendant has admitted the fact (Grant v. Crittenton, 13 Civ. Proc. R. 122), and is estopped from disproving it.

To hold that the issue of incorporation is raised by the general denial, and that the only effect of the section is to throw upon the defendant the burden of that issue, would be to make of this provision a snare for the plaintiff, instead of a relief. The advantage of having the burden placed upon his adversary would be trifling, as the evidence of incorporation is matter of record, and there is hardly a conceivable conflict that could arise upon which the plaintiff would succeed by reason of the burden being on his adversary. He would be compelled in every case to be prepared with proof if the defendant were at liberty to introduce evidence of incorporation under the general issue, and so any benefit of the section would be illusory. When the legislature enacted that "the plaintiff need not prove," it intended to imply also that the defendant would not be allowed to disprove, because the fact was not to be deemed at issue. The addition of the phrase "upon the trial" may be significant of the understanding of the legislature that proof need not be given at the trial, because it had been given before, in the form of an allegation, which was admitted by non-denial.

The court below expressed the view that the plaintiff was not required to prove the defendant's incorporation, but was, nevertheless, required to prove the sale and delivery to the defendant corporation. This statement is undoubtedly true, but it is unnecessary to discuss what a plaintiff would have to show to prove a sale in such a case, because the merits of a case like the present will not in fact be tried upon such pleadings. The answer may be amended so as to raise the true issue in the case, and it is only just to require the defendant to procure such an amendment before he can avail himself of the defense. Good faith demands that he give notice of it by an affirmative allegation, as is required by the Code. If he does not, it is no fault of his adversary, who should not be put to expense by his failure to comply with the proper practice. An amendment of the answer can be granted upon terms which the trial court has discretion to impose, and which will relieve the plaintiff from the burden of costs incurred by reliance upon the proper practice, and leave the parties at the time of the amendment in as good a position as they would have been if there had been an affirmative allegation in the original answer that there was no corporation at the times mentioned in the complaint.

The judgments reversed, and a new trial ordered, with costs of the appeal in this court and in the city court, and costs of the former trial, to the appellant, to abide the event. All concur.