(19 Misc. Rep. 655.)

### SNOW, CHURCH & CO. v. HALL.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

1. CORPORATIONS—DENIAL OF CORPORATE EXISTENCE.
   An allegation of corporate existence is not controverted, so as to require proof, where the answer merely alleges that "affiant has no knowledge or information sufficient to form a belief as to said allegation."

2. SAME—INCIDENTAL POWERS—PRACTICE OF LAW.
   A corporation chartered to carry on a general collection business may sue for legal services rendered in the collection of a claim through attorneys regularly employed and paid by it, since a corporation may do whatever is necessary to accomplish the objects of its incorporation.

Appeal from Eighth district court.

Action by Snow, Church & Co. against William Hall. There was judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

W. O. Campbell, for appellant.

Campbell, Ford & Hance (Henry L. Maxson, of counsel), for respondent.

McADAM, J. The action is by plaintiff, a domestic corporation engaged in carrying on a law and collection agency, to recover for services performed for the defendant at his request, pursuant to a contract in writing in which the rate of compensation is particularly specified. The amended complaint enumerates seven different matters in which legal services were performed, and it alleges that they were rendered by the plaintiff through its representatives, Campbell & Murphy, attorneys and counselors at law, three of the matters resulting in settlements, and four in judgments. The justice gave judgment for the plaintiff for $99.77, which includes interest; and the evidence, interpreted in the light of the contract fixing the rate of compensation to be charged, fully sustains the recovery.

The main dispute was as to the $50 fee in the Smith case. The claim there was $1,014. Suit was commenced. The defendant appeared, and demanded a bill of particulars, which was afterwards served. Several propositions looking to a compromise were made, and finally one was accepted, whereby Smith paid to the defendant one-quarter of the claim in cash, and gave notes for the balance. Mr. Bradley, an attorney, testifies that, if the notes were paid, $50, the sum charged, would be reasonable for the services rendered in that matter. This sum is less than the defendant agreed to pay by the contract, which provides that, where collections are made by suit, on sums less than $1,000 the plaintiff is to have 10 per cent., and on all over $1,000 5 per cent. The agreement would therefore entitle the plaintiff to a fee of a little over $100. The Smith suit was brought about January, 1893, and the present action was commenced March, 1896, more than three years afterwards. The defendant was sworn as a witness, but did not even intimate that the Smith notes had not been paid. He, of all others, had peculiar knowledge of the fact whether they had been paid, and the officers of the plaintiff had none. If he wanted to reduce the charge under Bradley's evidence, the onus of mitigating it was on him; and, not having testified that the notes were unpaid, the presumption attaches that Smith performed his contract, and discharged his obligations at maturity.

The legal objections to the recovery will next be considered.

The allegation that the plaintiff was,.and still is, a domestic corporation, engaged in conducting a general law and collection agency, was not so controverted as to require proof upon the trial, the answer merely alleging "that defendant has no knowledge or information sufficient to form a belief as to said allegations." Code, § 1776; Schmidt v. Lithographic Co., 17 Misc. Rep. 124, 39 N. Y. Supp. 353. If the defendant intended to put in issue the corporate existence of the plaintiff, the answer should have contained an affirmative allegation that the plaintiff was not a corporation. Id.

The defendant further objects that a corporation cannot practice law, and what it cannot do itself it may not do by others act·

ing for it. The plaintiff was incorporated to carry on a general collection business, and this would seem to authorize it to maintain an action for any legal services incidental to its business that it caused to be rendered, the rule being that a corporation may exercise such powers as are necessary to accomplish the objects for which it was organized, provided they do not conflict with the laws of the state. 4 Am. & Eng. Enc. Law, 216. The charter of a corporation, read in connection with the general laws applicable thereto, is the true measure of its powers, and a transaction manifestly beyond those powers is ultra vires. Yet whatever, under the charter and general laws, reasonably construed, may be fairly considered as incidental to the purposes for which the corporation was created, is not to be taken as prohibited, but is as much granted as that which is expressed. 27 Am. & Eng. Enc. Law, 355. Unless restrained by law, every corporation has the incidental power to make any contract necessary to advance the objects for which it was created. Legrand v. Association, 80 N. Y. 638. "The powers and franchise conferred by the grant of corporate privileges, whether at common law or under the statutes, are of three kinds, namely, those granted in express words, those necessarily implied in or incident to the powers expressly granted, and those essential to the objects and purposes of the grant." Field, Corp. § 53. As is said in City of Bridgeport v. Housatonuc R. Co., 15 Conn. 475, 502: "It has long been an established principle in the law of corporations that they may exercise all the powers within the fair intent and purpose of their creation which are reasonable and proper to give effect to the powers expressly granted. In doing this, they must have a choice of means adapted to ends, and are not confined to any one mode of operation." Corporations, together with the express and substantive powers conferred by their charters, take by implication all the reasonable modes of executing such powers which a natural person may adopt in the exercise of similar powers. Insurance Co. v. Robinson, 25 Ind. 536; Brady v. Mayor, etc., 1 Barb. 584; Barry v. Exchange Co., 1 Sandf. Ch. 280; Madison, W. & M. Plank-Road Co. v. Watertown & P. Plank-Road Co., 5 Wis. 173. Undoubtedly, the main business of a corporation is to be confined to that class of operations which properly appertain to the general purposes for which its charter was granted. But it may also enter into contracts and engage in transactions which are incidental or auxiliary to its main business, or which may become necessary, expedient, or profitable in the care or management of its property. Brown v. Winnisimmet Co., 11 Allen, 326, 334.

While it is true that a corporation, as such, cannot practice law, it is within the scope of its powers to employ lawyers to conduct suits upon claims placed with it for collection, the same as any unincorporated agency might. If this were not so, the business of incorporated collection agencies, no matter how extensive the power conferred by the employer, would have to end with the refusal of the debtor to pay the account presented. Contracts of corporations are said to be ultra vires when they involve adventures outside of, and not within the scope of, the powers given by their

charter. Jemison v. Bank, 122 N. Y. 135, 25 N. E. 264. But the plea will not be permitted to prevail, whether interposed for or against a corporation, when it would not advance justice, but accomplish a legal wrong. 122 N. Y., at page 141, 25 N. E. 265; Holmes, Booth & Haydens v. Willard, 125 N. Y., at page 80, 25 N. E. 1083; Holmes & Griggs Manuf'g Co. v. Holmes & Wessell Metal Co., 127 N. Y., at page 260, 27 N. E. 831; Linkauf v. Lombard, 137 N. Y. 417, 33 N. E. 472; Gas Light Co. v. Claffy, 151 N. Y. 24, 45 N. E. 390. We are unable, therefore, to discover any reason why the plaintiff may not maintain the action to recover for the services it has rendered through attorneys regularly employed and paid by it, particularly when the defendant has contracted for and received the benefit of such services.

Judgment affirmed, with costs. All concur.