De Forest C. Pitt, J.
By this article 78 proceeding the Attorney-General of the State of New York is challenging and seeking the annulment of an order and determination of the respondent, Public Service Commission, wherein approval was. given to the by-laws of the Tank Carriers Conference, Inc., under subdivision 1 of section 63-cc of the Public Service Law.
Tank Carriers Conference, Inc., is a nonprofit membership corporation whose members are common carriers of property and whose principal purpose is the preparation and publication of tariffs for motor carriers in commodities in bulk of dairy and related products. It is the position of the Attorney-General that the commission’s determination in this matter should be annulled for the reason that the same was based upon a showing of public benefit which was wholly insufficient to overcome the policy against restraints of competition and monopoly reflected and defined in the Donnelly Antitrust Act (General Business Law, § 340).
*437 While the proceeding before this court does not, of course, directly attack section 63-cc of the Public Service Law, an examination of the same and of its purpose and effects will be helpful in the assessment of the issues of arbitrariness and illegality, which are raised concerning the subject determination. The trucking industry is regulated both Federally and on our State level for the reason that it is found that the transportation systems of our Nation and State are of vital public interest. Accordingly, the Federal Motor Carrier Act was first enacted subjecting interstate motor carriers of property to regulation by the Interstate Commerce Commission. Under this act, and under such regulation, groups of carriers combined into associations whose main function was to file and maintain tariffs prescribing rates and charges for the transportation of commodities. These tariffs so filed were binding upon the membership of the associations unless a particular member terminated his participation and filed independently. Thus, the Interstate Commerce Commission was relieved of the burden of accommodating separate filings. Lest these combinations be violative of the Sherman Antitrust Law in that they amounted to combinations in restraint of trade, the Congress in 1948 enacted the Reed-Bullwinkle amendment to the Interstate Commerce Act (U. S. Code, tit. 49, § 5b). This amendment specifically authorizes the Interstate Commerce Commission to approve agreements among carriers providing certain standards were maintained. Notably, any such agreement was to contain the right of independent action on behalf of a carrier.
Paralleling the above, New York State enacted its Motor Carrier Act in 1938 and in 1964 amended the same by the addition of section 63-cc, which amendment and section for all present purposes may be termed a duplicate of the Federal Reed-Bullwinkle Act.
Turning our attention to the instant matter, the Attorney-General maintains that the antitrust laws are not inapplicable to the transportation industry, and notes McLean Trucking Co. v. United States (321 U. S. 67, 87) wherein the court stated: “ The Commission must estimate the scope and appraise the effects of the curtailment of competition which will result from the proposed consolidation and consider them along with the advantages of improved service, safer operation, lower costs, etc., to determine whether the consolidation will assist in effectuating the over-all transportation policy ”.
This point, however, is not met in argument by the respondent, who emphasizes that section 63-cc does not exempt associations like the subject one from the full impact of the antitrust *438 laws. Indeed, it is noted by the respondent that if such associations are used for unlawful purposes they are not protected from the Donnelly Act with respect to such activities. It is then only approved combinations existing for proper purposes that are exempted.
It is additionally noted that the Supreme Court has rejected the contention that the legislative action is determinative of the question of intrusion upon antitrust policy. (Federal Maritime Comm. v. Svenska Amerika Linien, 390 U. S. 238.) The effect of this case would appear to be controlled by the respondent’s above-noted position.
Directing attention to the instant matter, this court feels that the determination of the respondent was made in keeping with the legislative intent and well within its delegated authority. The qualifying and restrictive language of the respondent’s determination not only evidences its awareness of this State’s antitrust policy, but clearly also evidences its efforts to effectuate the same.
Upon review of the matter the court finds that the determination of the respondent was, therefore, not illegal, being not in violation of law and not arbitrary or capricious, being based upon adequate factual findings. This court will not presume to interfere with the judgment of the respondent in its specialized field of knowledge, thereby upsetting its determination of the existence of the prerequisite public interest. Neither will this court be persuaded to perform an act of “ judicial legislation ” in its examination and evaluation of the subject statute. Accordingly, and for the reasons above noted, the respondent may submit judgment dismissing the petition.