■   In the Matter of the ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Appellant, v. JAMES A. LUNDY et al., Constituting the PUBLIC SERVICE COMMISSION, Respondents, and TANK CARRIERS CONFERENCE, INC., Intervenor-Respondent.— REYNOLDS, J. P.   Appeal from a judgment of the Supreme Court, Albany County, dismissing appellant's petition in a proceeding brought under CPLR article 78, to annul an order and determination of the Public Service Commission (Commission) approving, pursuant to section 63–cc of the Public Service Law, an agreement between Tank Carriers Conference, Inc., (Conference) and its member common carriers. After a well-considered examination of the Conference's application for approval of an agreement among its members relative to the establishment and promulgation of rates, tariffs and

rules regarding their activities, the Public Service Commission on April 10, 1968 approved the application upon the condition that the Conference amend its by-laws to cure certain specific infirmities. Subsequently, after the Conference filed an amended application, the Commission approved the agreement but specifically only to the extent that the activities thereunder were within the purview of section 63-cc of the Public Service Law. The sole question is whether this determination has a reasonable basis in law. Interference with an administrative determination such as the instant one will only be undertaken if it is arbitrary and unreasonable (*Matter of American Chicle Co.* v. *State Tax Comm.*, 11 A D 2d 256, affd. 9 N Y 2d 883, app. dsmd. 368 U. S. 17). Only where the record reveals no reasonable basis for the exercise of discretion in the manner in which the petitioner complains will the court intervene (e.g., *Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37). Such is not the case in the instant proceeding. Rather it is abundantly clear that the Public Service Commission investigated and explored in detail the entire circumstances involved in connection with the proposed agreement, including the statutory public interest as expressed in the Donnelly Act (General Business Law, § 340), before granting its approval. Moreover, approval of the agreement does not totally immunize the Conference from the application of the Donnelly Act. The Commission has continuing jurisdiction over the Conference and may withdraw its approval or act to bar anti-competitive practices beyond the scope of the agreement at anytime if it deems such action appropriate. Similarly, the appellant is not hereby precluded from bringing an action against the Conference for anti-trust violations not exempted therefrom pursuant to section 63-cc under the approved agreement. Judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P. [59 Misc 2d 436.]