In the Matter of HARVEY & CORKY CORP. et al., Appellants, v COUNTY OF ERIE et al., Respondents.

Fourth Department, February 18, 1977

*Sargent & Lippes (Nicholas J. Sargent* of counsel), for appellants.

*William E. Straub, County Attorney (Leonard Kriss* of counsel), for County of Erie and another, respondents.

*Raichle, Banning, Weiss & Halpern (Ralph Halpern* and *Edward A. Sheridan* of counsel), for Buffalo Bills Division of Highwood Services, Inc., respondent.

*Saperston, Wiltse, Day & Wilson (Gary Mucci* and *Warren S. Radler* of counsel), for Jerome H. Nathan and another, respondents.

CARDAMONE, J. P. We are called upon to decide whether petitioners, who promote "pop" music concerts and who sought to present live outdoor concerts in Erie County's Rich Stadium, have been denied equal protection of the law and have had the free exercise of their business interfered with when the Buffalo Bills, lessee of the stadium, denied petitioners the right to sublease the stadium and subleased it to another promoter for the production of "rock" concerts.

Petitioners, Harvey and Corky Corporation, Harvey Weinstein and Horace Burger, Jr., appeal from the judgment at Special Term which granted respondents', County of Erie, Buffalo Bills Division of Highwood Services, Inc., Jerome Nathan, and Festival East Concerts, Inc., motion to dismiss their petition pursuant to CPLR 7804 (subd [f]).

Petitioners contend that respondents' grant of an exclusive franchise in a public facility which it owns violates the equal protection clause when the exclusive privilege is granted to another promoter without a reasonable, necessary or appropriate basis. Basically petitioners claim that beginning in 1973 they met with representatives of the Buffalo Bills to discuss the possibility of a sublease during the summer months for the promotion and production of musical events in Rich Stadium. Their discussions continued throughout 1974 and 1975. The Bills subleased the stadium to respondents, Nathan and Festival East, for the production of rock concerts during the summer months of 1974 and 1975. After petitioners inquired in March, 1976 about the possibility of a sublease a representative of the Bills informed the petitioners that they were not certain of petitioners' qualifications to produce concerts in the stadium.

Petitioners do not allege that the county actively was involved in any sublease of the stadium and in fact there is evidence in exhibits attached to the petition that the Chairman of the Erie County Legislature recommended that the Bills sublease the stadium to petitioners. Rather, based upon the Bills' denial of the sublease to them and because Rich Stadium is owned by the County of Erie and leased exclusively to the Buffalo Bills, petitioners contend that there has been a violation of their right to equal' protection and, further, that respondents have interfered with the free exercise and conduct of petitioners' business in violation of section 340 of the General Business Law (Donnelly Act).

The Fourteenth Amendment of the United States Constitution provides that "no state shall * * * deny to any person within its jurisdiction the equal protection of the laws". This amendment applies only to State action and is inapplicable to purely private action (Civil Rights Cases, 109 US 3; *Shelley v Kraemer*, 334 US 1; *Evans v Abney*, 396 US 435, 445; *Moose Lodge No. 107 v Irvis*, 407 US 163, 171-179). Where the impetus for the alleged discriminatory activity is private, the State must have "significantly involved itself" *(Reitman v*

*Mulkey,* 387 US 369, 380) in order for the discriminatory action to fall within the ambit of the constitutional protection. These same standards for State action are applicable under the New York State Constitution (NY Const, art I, § 11; *Montgomery v Daniels,* 38 NY2d 41, 61; *Dorsey v Stuyvesant Town Corp.,* 299 NY 512, 531, 536).

The inquiry must be whether there is a sufficiently close nexus between the State and the private body so that the action of the private entity may fairly be treated as that of the State itself *(Jackson v Metropolitan Edison Co.,* 419 US 345, 351; *Moose Lodge No. 107 v Irvis, supra,* p 176). The United States Supreme Court has held that under the circumstances of an arrangement where a private lessee, who admittedly practiced racial discrimination, leased space for a restaurant from a State parking authority, the State had "so far insinuated itself into a position of interdependence" with the restaurant that it was a joint participant in the enterprise. The court cautioned, however, that while a multitude of relationships might appear to some to fall within the amendment's embrace, differences in circumstances beget differences in law, limiting the actual holding to lessees of public property *(Burton v Wilmington Parking Auth.,* 365 US 715, 725, 726). The question of whether particular conduct is "private" or "State action" frequently admits of no easy answer *(Moose Lodge No. 107 v Irvis, supra,* p 172; *Burton v Wilmington Parking Auth., supra,* p 723). It is only by carefully sifting facts and weighing circumstances that the involvement of the State in private conduct can be attributed its true significance so as to determine whether the government significantly involved itself in private conduct so that it should be subject to Fourteenth Amendment scrutiny *(Moose Lodge,* at p 172; *Burton,* at pp 722, 725).

The petition in this case is deficient on its face inasmuch as it fails to set forth the facts to be sifted and the circumstances to be weighed without which there can be no threshold determination of State action. The petition merely alleges the facts of ownership of Rich Stadium by Erie County and the county's grant of the exclusive right to the Bills to sublease the stadium and related facilities. There is no question that the county had authority under its police power to enter into such an arrangement with the Bills *(Murphy v Erie County,* 28 NY2d 80). The mere fact that the Bills are the lessees of public property is insufficient, standing alone, to show State

action *(Golden v Biscayne Bay Yacht Club,* 530 F2d 16, cert den 429 US 872).

Even were there a sufficient basis alleged to find State action, the petition fails to allege facts demonstrating any cognizable unconstitutional deprivation of equal protection of the laws entitling petitioners to relief. Since the petition does not allege deprivation of a fundamental interest, nor does it encompass a suspect classification, the alleged denial of equal protection is subject to the "lax standard of rationality" which tests whether the challenged classification bears a reasonable relationship to some legitimate State objective *(Alevy v Downstate Med. Center,* 39 NY2d 326, 332). This petition itself acknowledges that the Bills declined to sublease the stadium to petitioners because they found petitioners unqualified and not sufficiently experienced to produce an out-of-doors concert at Rich Stadium. Such provides a rational basis for the denial of the sublease. The petitioners have not demonstrated in their petition that they do, in fact, possess the experience to conduct such concerts in the stadium which has a capacity of 80,000 seats. Further, petitioners have not pointed to any controlling statute or administrative regulation which would require the Bills to sublease to them, and courts should not sit in overview of questions of judgment, discretion, allocation of resources and priorities of the lawful acts of appointive and elective officials charged with the management of a public enterprise (see *Matter of Abrams v New York City Tr. Auth.,* 39 NY2d 990, 992).

Finally, the petition does not allege adequate facts from which it can be determined that there was a conspiracy to violate the antitrust laws. The petition alleges the mere existence of an exclusive lease, which has been upheld as a proper exercise of police power *(Murphy v Erie County, supra)* and fails to allege any overt act or other nonconclusory allegation from which a conspiracy to violate the antitrust laws could be inferred *(Murdock v City of Jacksonville,* 361 F Supp 1083; *Baim & Blank v Admiral Corp.,* 132 F Supp 412; *Marsich v Eastman Kodak Co.,* 244 App Div 295, affd 269 NY 621). Thus, Special Term correctly dismissed the antitrust claim in this article 78 proceeding.

The judgment should be affirmed.

SIMONS, DILLON, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously affirmed, with costs.