■ CAPITAL TELEPHONE COMPANY, INC., et al., Appellants, v PATTERSON-VILLE TELEPHONE COMPANY, INC., et al., Respondents. — Appeal (1) from an order of the Supreme Court at Special Term, entered November 28, 1979 in Albany County, which granted defendants' motion for summary judgment, and (2) from the judgment entered thereon. Plaintiff Capital Telephone Company, Inc. (Capital), is a radio common carrier which provides one-way paging service and two-way mobile radio service to the general public. Defendant Pattersonville Telephone Company, Inc., operates a regular landline telephone service and is also a radio common carrier which provides services similar to and competitive with those provided by Capital. In their complaint, plaintiffs allege three causes of action, to wit: that defendants have conspired and entered into certain agreements with the New York Telephone Company relating to division of revenues, toll settlements, extended area service and provision of telecommunication facilities so as to deny plaintiffs equal treatment and infringe upon their rights and entitlements under State and Federal law; that defendants by their actions have restrained trade in violation of section 340 of the General Business Law; and that since 1963 defendants have submitted and charged anticompetitive and unlawful tariff rates in violation of State and Federal antitrust law and the New York State Public Service Law. Based upon these various claims, plaintiffs sought a judgment against defendants in the amount of $1,000,000 for compensatory damages and $3,000,000 for punitive damages. Special Term, however, dismissed their complaint and granted summary judgment to defendants. This appeal ensued. We hold that the order and judgment of Special Term should be reversed. The basic thrust of the complaint herein is that plaintiffs are entitled to damages because of defendants' conduct which, in charging noncompensatory rates, was allegedly anticompetitive and violative of State and Federal antitrust laws. Moreover, although the Public Service Commission has already generally considered the matters at issue here and found plaintiffs' contentions to be without merit, there has been no showing that the commission made a thorough investigation of or held a hearing on the dispute, or that plaintiffs otherwise had a fair opportunity to factually demonstrate the illegality of defendants' actions (cf. *Columbia Gas of New York v New York State Elec. & Gas Corp.,* 28 NY2d 117). Under these circumstances, Special Term erred in holding that plaintiffs were limited to article 78 review of the commission's determination as their sole avenue for seeking redress of their grievances. The present action should be allowed to go forward so that the pertinent factual and legal issues presented can be fully litigated and resolved (cf. *Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 63 AD2d 244; *Matter of Attorney-General of State of*

*N.Y. v Lundy,* 34 AD2d 698). In so ruling, we lastly conclude that defendants are entitled to summary judgment solely with regard to plaintiffs' Federal antitrust claims. As to these claims, it is uncontested that jurisdiction lies exclusively with the Federal courts. Order and judgment modified, on the law, without costs, by granting defendants' motion only to the extent of dismissing plaintiffs' Federal antitrust claims and by denying the motion in all other respects. Main, J.P., Mikoll and Weiss, JJ., concur.

Casey and Yesawich, Jr., JJ., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). We dissent and vote to affirm for the reasons set forth in the opinion of Mr. Justice Harold J. Hughes at Special Term.