■ PHARMACISTS' ASSOCIATION OF WESTERN NEW YORK, INC. et al., Appellants, v BLUE CROSS OF WESTERN NEW YORK, INC., Respondent.—Order affirmed with costs. All concur, Callahan, J., not participating. Memorandum: Special Term properly dismissed plaintiffs' amended complaint on the basis that it fails to state a cause of action (CPLR 3211 [a] [7]).

Plaintiffs are a pharmacists' association and individual pharmacists who participate in the prepaid prescription reimbursement program of defendant Blue Cross of Western New York, Inc. (Blue Cross). For a long period of time, the program has functioned under identical agreements, known as agreement A, between individual pharmacists and Blue Cross. Agreement A, as supplemented by actual practice and by a manual issued by Blue Cross to participating pharmacists, established a method of computing the prescription reimbursement rate and was terminable upon 30 days' notice by either party. Although there is no indication that Blue Cross has unilaterally terminated agreement A with any participating pharmacist, it has circulated, and many pharmacists have executed, what is known as agreement B, which establishes a different method of computing the reimbursement rate.

The amended complaint alleges five causes of action. In essence, the first alleges that the reimbursement method of agreement B is arbitrary and irrational because it bears no reasonable relationship to the cost to a pharmacy and results in reimbursement discrimination in favor of some pharmacists, thus violating the equal protection provision of the State Constitution (NY Const, art I, § 11).

Plaintiffs point to no statutory provision prohibiting Blue Cross from entering into agreement B. Such a corporation is authorized to make contracts (Not-For-Profit Corporation Law § 202 [a] [9]) and can exercise powers necessary to effect any of the purposes for which it was formed (Not-For-Profit Corporation Law § 202 [a] [16]; *see, Legrand v Manhattan Mercantile Assn.,* 80 NY 638). Agreement B is obviously in furtherance of the function of Blue Cross to provide subscribers with prepaid prescription benefits. There is, therefore, no basis for a claim that Blue Cross exceeded its powers by offering agreement B, and its rationality is not a proper subject for judicial inquiry (*see, Parmelee v Cameron,* 41 NY 392).

Nor do we find here sufficient State involvement or activity to bring into play New York's equal protection clause (*see, Matter of Harvey & Corky Corp. v County of Erie,* 56 AD2d 136). Although Blue Cross is subject to State regulation, that fact alone is insufficient to ascribe to the State the acts of Blue Cross alleged to be discriminatory (*see, Blum v Yaretsky,* 457 US 991; *Matter of Wilson,* 59 NY2d 461). The State neither approves nor disapproves reimbursement agreements between Blue Cross and participating pharmacists, and has made no attempt to regulate reimbursement rates (*cf. Matter of Jewish Mem. Hosp. v Whalen,* 47 NY2d 331). In sum, there is no nexus between the State and the complained-of activity.

Plaintiffs' second cause of action purports to allege a violation of the Donnelly Act (General Business Law § 340). It fails to do so, however, because its averment that agreement B will unreasonably restrain competition alleges at most unilateral reimbursement discrimination, which is indistinguishable from unilateral price discrimination (*see, State of New York v Mobil Oil Corp.,* 38 NY2d 460).

The third cause of action alleges that the plaintiff pharmacists who executed agreement B did so as the result of duress. In their brief, plaintiffs also contend that a viable cause of action for fraud is stated. The claim of fraud fails because the complaint contains no factual allegations in support of the elements of such a cause of action (*see, Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778). The claim of duress also fails since there is no allegation that Blue Cross failed to do what it was legally required to do, or that it withheld promised performance (*see, 805 Third Ave. Co. v M. W. Realty Assoc.,* 58 NY2d 447).

The fourth cause of action alleges merely that it would be unlawful for Blue Cross to terminate agreement A for the

purpose of leaving only agreement B in effect. While it is true that every contract carries with it the implied obligations of good faith and fair dealing (see, Havel v Kelsey-Hayes Co., 83 AD2d 380), it may not be said that by exercising its express right to terminate agreement A Blue Cross would violate an obligation to deal fairly and in good faith (see, Division of Triple T Serv. v Mobil Oil Corp., 60 Misc 2d 720, affd 34 AD2d 618).

The fifth cause of action must also fail because it contains no factual assertions in support of a cause of action for breach of contract. Here again, plaintiffs charge Blue Cross with conduct which is specifically permitted under agreement A.

Finally, plaintiffs argue that the complaint should not have been dismissed because it sought a declaratory judgment. Having failed to demonstrate the existence of a justiciable controversy, there was no basis for a declaratory judgment (Goldfeld v Mattoon Communications Corp., 99 AD2d 711, appeal dismissed 62 NY2d 802). (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.