■ BARNEM CIRCULAR DISTRIBUTORS, INC., Plaintiff, and MICHAEL B. NEMETH, Respondent, v DISTRIBUTION SYSTEMS OF AMERICA, INC., et al., Appellants, et al., Defendants. [722 NYS2d 170] —In an action, *inter alia,* to recover damages for breach of contract, the defendants Distribution Systems of America, Inc., and Newsday, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated November 18, 1999, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Michael Barry Nemeth.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants by the respondent, and the action against the remaining defendants is severed.

The plaintiffs Barnem Circular Distributors, Inc. (hereinafter Barnem) and Michael Barry Nemeth (hereinafter Nemeth) alleged that they contracted with the defendant Distribution Systems of America, Inc. (hereinafter DSA), a subsidiary of the defendant Newsday, Inc. (hereinafter Newsday), to provide printing and distribution services.

In the first and second causes of action, Nemeth alleged that DSA and Newsday breached Paragraph 5 of the contract. However, DSA and Newsday demonstrated their entitlement to judgment as a matter of law dismissing the causes of action based on Paragraph 5 insofar as asserted against them. Paragraph 5 conferred certain rights only on Barnem. Furthermore, by judgment entered March 25, 1999, the complaint insofar as asserted by Barnem was dismissed, and the

remainder of the action was severed. In opposition, Nemeth failed to raise a triable issue of fact that he had standing to assert causes of action based on Paragraph 5. Therefore, the first and second causes of action must be dismissed insofar as asserted against DSA and Newsday.

Nemeth's third, fourth, and fifth causes of action, which seek to recover damages for alleged breaches of the contract, must be dismissed insofar as asserted against DSA and Newsday. DSA and Newsday established their entitlement to judgment as a matter of law on those causes of action and, in opposition, Nemeth failed to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Nemeth's sixth and seventh causes of action assert that DSA and Newsday engaged in unreasonable restraint of trade in violation of the Donnelly Act (*see,* General Business Law § 340). However, DSA and Newsday demonstrated that DSA is a wholly-owned subsidiary of Newsday. A parent corporation and its wholly-owned subsidiary are incapable of conspiring with each other (*see, Copperweld Corp. v Independence Tube Corp.,* 467 US 752; *Bevilacque v Ford Motor Co.,* 125 AD2d 516, 518). In opposition, Nemeth failed to raise a triable issue of fact. Therefore, those causes of action insofar as asserted against DSA and Newsday must be dismissed.

Nemeth's eighth cause of action asserts that Newsday is the alter ego of DSA. However, DSA and Newsday demonstrated their entitlement to summary judgment dismissing this cause of action insofar as asserted against them. In opposition, Nemeth's conclusory allegations failed to raise a triable issue of fact (*cf., Walkovszky v Carlton,* 18 NY2d 414, 417-418). Goldstein, J. P., McGinity, Luciano and Feuerstein, JJ., concur.