■ KUBRICKY CONSTRUCTION CORPORATION, Appellant, v BUCON, INC., Respondent. [722 NYS2d 823] —Rose, J. Appeals (1) from an order of the Supreme Court (Moynihan, Jr., J.), entered April 28, 2000 in Warren County, which granted defendant's motion for a stay, and (2) from an order of said court, entered June 19, 2000 in Warren County, which, *inter alia*, denied plaintiff's motion for reconsideration.

Plaintiff, a domestic corporation with its principal place of business in Warren County, was subcontracted by defendant, a foreign corporation with its principal place of business in Missouri, to perform work at defendant's construction project in Warren County. When defendant commenced an action in Missouri Circuit Court (hereinafter the Missouri action) against plaintiff and others for breach of contract and negligence, plaintiff moved for dismissal on the grounds of an absence of

personal jurisdiction and forum non conveniens. Defendant opposed the motion citing the terms of the parties' contract specifying the forums in which plaintiff had agreed to litigate disputes arising under the contract.* While its motion in the Missouri action was pending, plaintiff commenced this action in Supreme Court (hereinafter the New York action) seeking a declaration that it is not subject to the jurisdiction of the courts of Missouri and an order enjoining defendant's further prosecution of the Missouri action. Defendant moved for summary judgment in the New York action contending that plaintiff had contractually waived its right to have Supreme Court adjudicate any matter arising out of the underlying contract dispute, including jurisdictional and forum selection issues. While defendant's motion in the New York action was pending, the Missouri court determined that the parties' contract had been made in Missouri due to certain actions having taken place there and that, therefore, personal jurisdiction existed under Missouri's long-arm statute. Defendant then moved in the New York action pursuant to CPLR 2201 for a stay pending the outcome of the Missouri action. Supreme Court granted the stay after finding that the Missouri and New York actions raised essentially identical jurisdictional issues, and concluding that, due to the forum selection clauses of the contract, litigation in Missouri had been anticipated. Plaintiff now appeals.

A stay is appropriate "where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions" (*People v C. & W. Constr. Co.*, 246 App Div 373, 375; *see*, CPLR 2201). The sole issue presented in the New York action here is whether the Missouri court has personal jurisdiction over plaintiff. As this issue was initially determined by the court in the Missouri action and will be finally decided following appropriate review in that state, we find that the two actions are sufficiently similar that a stay will serve the goals of

---

* In pertinent part, the contract provides:

*Section 15.2*—"This Subcontract shall be governed by and construed in accordance with the laws of the State of New York. The [plaintiff] consents and waives any objection in the jurisdiction of, and venue in, the courts of competent jurisdiction of the State of New York, with regard to any action arising under or concerning this Subcontract."

*Section 15.3*—"[Plaintiff] agrees that it will not commence any action, whether in law or in equity, against [defendant] because of any matter whatsoever arising out of the alleged breach or performance of the Subcontract, in any court other than those in * * * Missouri, and the [plaintiff] expressly waives any and all rights of the [plaintiff] to bring action in any other court."

preserving judicial resources and preventing an inequitable result (*see, National Mgt. Corp. v Adolfi*, 277 AD2d 553; *Research Corp. v Singer-General Precision*, 36 AD2d 987).

Also, we have reviewed the two provisions of the parties' contract regarding forum selection and, although plaintiff did not agree to submit to the jurisdiction of the courts of Missouri in an action brought against it by defendant, we nonetheless conclude that plaintiff's express agreement to submit to the jurisdiction of the New York courts did not preclude litigation by defendant in Missouri. Although the parties agreed to construe the contract according to New York law, they did not limit venue to New York. Significantly, plaintiff expressly waived its right to litigate "any matter whatsoever arising out of the alleged breach or performance" of the parties' contract in any court other than in Missouri. Accordingly, Supreme Court did not err in granting a stay of this action and denying plaintiff's motion for reconsideration.

Cardona, P. J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.

