■ North Atlantic Utilities, Inc., Appellant, v Keyspan Corporation, Doing Business as Keyspan Energy, et al., Respondents. [762 NYS2d 820] —In an action, inter alia, to enjoin the defendants from terminating the plaintiff's access to and utilization of their natural gas delivery system on Long Island, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 18, 2001, which denied its motion for a preliminary injunction and granted the defendants' cross motion to dismiss the complaint, among other things, for failure to state a cause of action, and (2) a judgment of the same court dated July 24, 2001, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

We agree with the Supreme Court's determination that the "filed tariff" doctrine and the doctrine of primary jurisdiction bar judicial review at this juncture of the plaintiff's claims challenging the defendants' actions under a tariff filed and approved by the Public Service Commission (*see Brownsville Baptist Church v Consolidated Edison Co. of N.Y.*, 272 AD2d 358, 359 [2000]; *Porr v NYNEX Corp.*, 230 AD2d 564, 576-577 [1997]).

Moreover, the Supreme Court correctly concluded that the plaintiff failed to state a cause of action under the Donnelly Act (*see* General Business Law § 340). The defendants are a parent corporation and several of its wholly-owned subsidiaries. A parent corporation and its wholly-owned subsidiaries are considered a single entity under antitrust principles and, therefore, cannot engage in anticompetitive acts (*see Copperweld Corp. v Independence Tube Corp.*, 467 US 752, 769-771 [1984]; *Barnem Circular Distrib. v Distribution Sys. of Am.*, 281 AD2d 576, 577 [2001]; *Matter of Kick v Regan*, 110 AD2d 934, 936 [1985]). Similarly, sister subsidiary corporations which are wholly-owned by the same parent corporation are legally incapable of conspiring with each other (*see Gucci v Gucci Shops*, 651 F Supp 194, 196-197 [1986]; *see also Advanced Health-Care Servs. v Radford Community Hosp.*, 910 F2d 139, 145 [1990]; *Directory Sales Mgt. Corp. v Ohio Bell Tel. Co.*, 833 F2d 606, 611 [1987]; *Hood v Tenneco Texas Life Ins. Co.*, 739 F2d 1012, 1015 [1984]; *Century Oil Tool v Production Specialties*, 737 F2d 1316, 1317 [1984]).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Adams, Townes and Crane, JJ., concur.