In the Matter of COMMONWEALTH ELECTRICAL INSPECTION SERVICES, INC., et al., Appellants, v TOWN OF CLARENCE et al., Respondents. (Appeal No. 1.) [776 NYS2d 687]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Robert E. Whelan, J.), entered December 5, 2002 in a proceeding pursuant to CPLR article 78. The judgment granted respondents' motion for summary judgment dismissing the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to invalidate certain actions undertaken by two municipalities on the ground that the actions violated federal and state antitrust law. Petitioners appeal from a judgment granting the motion of respondents for summary judgment dismissing the petition on the merits and with prejudice. In addition, Supreme Court in its written decision concluded "that respondents are [permitted] to enact such ordinances as are necessary to limit electrical inspection and certification services to a single entity such as the New York Board of Fire Underwriters."

We conclude that the court properly granted that part of respondents' motion for summary judgment dismissing the petition insofar as it alleges a violation of federal antitrust law, but for a different reason. Federal antitrust claims are within the

exclusive jurisdiction of the federal courts (*see Marrese v American Academy of Orthopaedic Surgeons*, 470 US 373, 379-380 [1985], *reh denied* 471 US 1062 [1985]; *Freeman v Bee Mach. Co.*, 319 US 448, 451 n 6 [1943], *reh denied* 320 US 809 [1943]; *General Inv. Co. v Lake Shore & Mich. S. Ry. Co.*, 260 US 261, 286-288 [1922]; *Simpson Elec. Corp. v Leucadia, Inc.*, 72 NY2d 450, 456-458 [1988]; *Capital Tel. Co. v Pattersonville Tel. Co.*, 81 AD2d 970, 971 [1981], *affd* 56 NY2d 11 [1982]; *Theatre Confections v Andrea Theatres*, 126 AD2d 969 [1987]). Although the issue was not raised by the litigants or addressed by the court, we address the exclusively federal nature of the claim sua sponte inasmuch as it goes to the subject matter jurisdiction of the court (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *Matter of Reis v Zimmer*, 263 AD2d 136, 144 [1999], *amended* 270 AD2d 968 [2000]; *see generally* CPLR 3211 [a] [2]).

We further conclude that the court properly granted that part of respondents' motion for summary judgment dismissing the petition insofar as it alleges a violation of state antitrust law, known as the Donnelly Act (General Business Law § 340 *et seq.*), but again for a different reason. Petitioners have failed to state a cause of action for violation of the Donnelly Act (*see* CPLR 3211 [a] [7]; *North Atl. Util. v Keyspan Corp.*, 307 AD2d 342, 343 [2003], *lv denied* 1 NY3d 503 [2003]; *Pharmacists' Assn. of W. N.Y. v Blue Cross of W. N.Y.*, 112 AD2d 728, 729 [1985]). General Business Law § 340 (1) provides that "[e]very contract, agreement, arrangement or combination" is illegal and void insofar as it establishes and maintains a monopoly or restrains competition or trade. We conclude that the action taken by each of the municipalities in this case, consisting of the enactment of a particular ordinance, was purely unilateral and thus was not accomplished by means of the essential statutorily proscribed "contract, agreement, arrangement or combination" (*id.; see State of New York v Mobil Oil Corp.*, 38 NY2d 460, 464 [1976]; *see also Hall Heating Co. v New York State Elec. & Gas Corp.*, 180 AD2d 957, 958 [1992]; *Pharmacists' Assn. of W. N.Y.*, 112 AD2d at 729; *cf. Englert v City of McKeesport*, 872 F2d 1144, 1149-1152 [1989], *cert denied* 493 US 851 [1989] [interpreting analogous provisions of federal antitrust law in circumstances identical to those at bar]). We note that the statutory term "arrangement," like the statutory terms "contract," "agreement," and "combination," refers to bilateral conduct and does not connote "a one-sided practice" such as that challenged by petitioners in this case (*Mobil Oil Corp.*, 38 NY2d at 464).

In view of our determination, we do not address the parties'

remaining contentions. Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.