■ CONCORD ASSOCIATES, L.P., et al., Respondents, v EPT CONCORD, LLC, et al., Appellants. [957 NYS2d 509]—

Rose, J.

In March 2012, plaintiffs filed a federal antitrust action in the United States District Court for the Southern District of New York (hereinafter the federal action), which, among other things, alleged anticompetitive behavior and an unlawful conspiracy on the part of defendants and third parties to prevent plaintiffs from fulfilling their financial obligations under the CDA and MCA in order to prevent renewal of the restrictive covenant. In May 2012, Supreme Court (Loehr, J.) granted defendants' motion for a stay of the Westchester action pending resolution of their counterclaims in this action and, in July 2012, Supreme

Court (LaBuda, J.) granted plaintiffs' motion for a stay of this action pending resolution of the federal action. Defendants now appeal from the order staying this action, arguing that Supreme Court abused its discretion.

This action and the related federal action are sufficiently similar that granting the stay would preserve judicial resources, further the interest of justice by preventing inequitable results and promote orderly procedure by furthering the goals of comity and uniformity (see CPLR 2201; see e.g. Britt v Buffalo Mun. Hous. Auth., 63 AD3d 1593, 1593 [2009]; National Mgt. Corp. v Adolfi, 277 AD2d 553, 554-555 [2000]). Although the parties and issues are not completely identical, many of the factual issues raised in this action regarding the parties' rights and obligations under the CDA and MCA overlap with the issues in the related federal action (see Certain Underwriters at Lloyd's London v Pneumo Abex Corp., 36 AD3d 441, 441 [2007]; Asher v Abbott Labs., 307 AD2d 211, 211-212 [2003]; Channel Master Corp. v JFD Elecs. Corp., 26 AD2d 961, 961 [1966]). Furthermore, the federal antitrust claims sought to be determined in the federal action are not determinable in the state action (see e.g. Matter of Commonwealth Elec. Inspection Servs. v Town of Clarence, 6 AD3d 1185, 1185-1186 [2004]). Accordingly, we cannot say that Supreme Court abused its discretion in granting the stay (see Bank of N.Y. v Levy, 123 AD2d 589, 590 [1986]; Research Corp. v Singer-Gen. Precision, 36 AD2d 987, 988 [1971]; cf. Kubricky Constr. Corp. v Bucon, Inc., 282 AD2d 796, 797 [2001]).

Given our decision, we will not address defendants' undecided motion for summary judgment on their counterclaims. Nor will we address defendants' challenge to the statement in the order that plaintiffs were not motivated by bad faith in bringing the federal action, as defendants concede that it is dicta and, therefore, not essential to Supreme Court's determination (see B & N Props., LLC v Elmar Assoc., LLC, 51 AD3d 831, 832 [2008]).

Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.